UNITED STATES of America,

v.

Edward PAUNETTO, Defendant.

No. 75 CR 874.

United States District Court,
E. D. New York.

Jan. 28, 1976.

David G. Trager, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., for plaintiff; Lee Alan Adlerstein, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Federal Defender Services Unit, the Legal Aid Society, for defendant; Edward J. Kelly, New York City, of counsel.

BARTELS, District Judge.

## MEMORANDUM–DECISION AND ORDER

This application presents another challenge to the proper interpretation of the six month speedy trial rules both under the former Plan for the Prompt Disposition of Criminal Cases and the present Interim Plan Pursuant to the Provisions of the Speedy Trial Act of 1974, both promulgated under Rule 50(b) of the Federal Rules of Criminal Procedure. Defendant, Edward Paunetto, moves for an order dismissing his indictment because of the Government's failure to be ready for trial within the six month period provided for in those rules. The facts follow.

On April 10, 1975 a complaint was filed by the United States against defendant charging him with the knowing possession of a firearm stolen from interstate commerce in violation of 18 U.S.C. § 922(j). A warrant for his arrest was issued by Magistrate Schiffman on that date and was executed on April 17, 1975, at which time defendant was arraigned before the magistrate. At the arraignment defendant stated that he intended to retain Arthur Decker as counsel and accordingly a hearing was postponed until May 8, 1975. Apparently the purported engagement by defendant of Arthur Decker never materialized. In all events Decker neither appeared nor filed a notice of appearance for defendant at the May 8 hearing. This delay was clearly due to the defendant. Nothing further developed in the case until October 7, 1975 when, upon the Government's motion, the complaint was dismissed by Magistrate Schiffman. Subsequently, on November 19, 1975 the Government filed an information with the magistrate charging defendant with a lesser offense arising out of the same transaction, i. e., wilful and knowing possession of an item having a value not exceeding $100 stolen

from interstate commerce in violation of 18 U.S.C. § 659. Defendant was arraigned on this information on November 24 but appeared without counsel and with his consent Edward Kelly of the Legal Aid Society, appearing before the magistrate that day for other reasons, was appointed to represent defendant. At Kelly's request the arraignment was postponed to December 9, 1975. On November 26, 1975 the Government mailed a notice of readiness to the magistrate and a copy to Arthur Decker but due to secretarial oversight a copy of that notice was not sent to Kelly. There is no question that the magistrate received that notice of readiness on November 26, 1975. When defendant failed to appear on December 9, 1975 a bench warrant was issued and on December 10, 1975 defendant voluntarily appeared after learning of the warrant which was then vacated.

At the time of the arraignment on December 10, 1975, defendant elected, pursuant to 18 U.S.C. § 3401, to be tried before a District Court rather than the magistrate. On that day magistrate Schiffman inquired of the Government whether there was any problem concerning the six month rule and the Government replied that there was none and that a notice of readiness had in fact been mailed to the magistrate on November 26, 1975. On this issue Kelly remained silent. On Friday, December 12, 1975, the case was assigned to Judge Bartels and on the following Monday, December 15, 1975, the Government having learned of this assignment for the first time, immediately notified Kelly that defendant would be arraigned before this Court the next day, December 16, 1975. On that day defendant entered a plea of not guilty and the trial was set for February 2, 1976. On the same day the Government filed a second notice of readiness with a letter to Judge Bartels stating that the second notice was in no way a waiver of the notice of readiness mailed to the magistrate on November 26, 1975 and that the second notice was only filed "out of an excess of caution."

Defendant charges that the Government was required to both arraign the defendant before the District Court and to file its notice of readiness within the six month period provided for in Rule 5 of the Interim Plan Pursuant to the Provisions of the Speedy Trial Act of 1974 for the Eastern District of New York[1] and that this period expired on November 29, 1975 or, in the alternative, on December 15, 1975. The Government, however, contends that it complied with the requirements of the Plan by mailing the notice of readiness on November 26, 1975 to the magistrate or, in the alternative, to the District Judge on December 16, 1975, after considering excludable periods of time provided for in Rule 6 of the Plan.[2]

1. "5. *All Cases: Trial Readiness and Effect of Non-Compliance*

In all cases the government must be ready for trial within six months from the date of the arrest, service of summons, detention, or the filing of a complaint or of a formal charge upon which the defendant is to be tried (other than a sealed indictment), whichever is earliest. If the government is not ready for trial within such time, and if *the defendant is charged only with non-capi*tal offenses, the defendant may move in writing, on at least ten days' notice to the government, for dismissal of the indictment. Any such motion shall be decided with utmost promptness. If it should appear that sufficient grounds existed for tolling any portion of the six-months period under one or more of the exceptions in Rule 6, the motion shall be denied, whether or not the government has previously requested a continuance. Otherwise the court shall enter an order dismissing the indictment with preju*dice unless the court finds that the govern*ment's neglect is excusable, in which event the dismissal shall not be effective if the government is ready to proceed to trial within ten days."

2. "6. *Excluded Periods*

In computing the time within which the government should be ready for trial under Rule 5, the following periods should be excluded:

(a) The period of delay while proceedings concerning the defendant are pending, including but not limited to proceedings for the determination of competency and the pe-

766

It is not disputed by the parties that the period of 42 days after the dismissal of the original complaint on October 7, 1975 and prior to the subsequent filing of the information before the magistrate on November 19, 1975 should not be considered in computing the six month period provided for in Rule 5 of the Plan. *See United States v. Flores,* 501 F.2d 1356 (2d Cir. 1974). It is further undisputed that after excluding the above period of 42 days the six month period had five more days to run at the time of defendant's appearance before the magistrate on November 24, 1975. Therefore, unless there are other exclusions, the only question remaining would be whether the Government complied with the Plan within five days from November 24, 1975.

■ We begin by noting that the Government mailed a notice of readiness to the magistrate on November 26, 1975, three days before November 29, 1975, the earliest expiration date of the six month period suggested by the defendant. Although it may have been a more proper procedure to file this notice di-rectly with the Clerk of the Court and although the Government inadvertently failed to mail a copy of the notice to Kelly these factors offer no basis for invalidating the timeliness of the notice. *United States v. Pierro,* 478 F.2d 386 (2d Cir. 1973). Accordingly we conclude that the Government satisfied its obligation to file a notice of readiness within the appropriate six month period.

Compliance with the notice requirement, however, does not end the controversy. Defendant argues that *United States v. Bowman,* 493 F.2d 594 (2d Cir. 1974), declared that for the purposes of the Plan a notice of readiness is not effective as a practical matter until issue is joined and that, therefore, the Government was required to schedule defendant's arraignment before a District Judge within the six month period expiring on November 29, 1975, or, in the alternative, expiring on December 15, 1975. In response the Government claims that the defendant was arraigned within the properly computed six month period in that a sufficient number of days are excludable under Rule 6 of the

riod during which he is incompetent to stand trial, pretrial motions, interlocutory appeals, trial of other charges, and the period during which such matters are sub judice.

(b) Periods of delay resulting from a continuance granted by the District Court at the request of, or with the consent of, the defendant or his counsel, in writing or stated upon the record. The District Court shall grant such a continuance only if it is satisfied that postponement is in the interest of justice, taking into account the public interest in the prompt disposition of criminal charges. A defendant without counsel should not be deemed to have consented to a continuance unless he has been advised by the court of his rights under these rules and the effect of his consent.

(c) The period of time during which:
(i) evidence material to the government's case is unavailable, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available within a reasonable period; or
(ii) the prosecuting attorney is actively preparing the government's case for trial and additional time is justified by exceptional circumstances of the case.

(d) The period of delay resulting from the absence or unavailability of the defendant. A defendant should be considered absent whenever his location is unknown. A defendant should be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence.

(e) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance. In all other cases the defendant should be granted a severance so that he may be tried within the time limits applicable to his case.

(f) The period of delay resulting from detention of the defendant in another jurisdiction provided the prosecuting attorney has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial.

(g) The period during which the defendant is without counsel for reasons other than the failure of the court to provide counsel for an indigent defendant or the insistence of the defendant on proceeding without counsel.

(h) Other period of delay occasioned by exceptional circumstances."

Plan to make December 17, 1975, one day after the arraignment on December 16, 1975, the expiration date of the proper six month period.

■ We find that this case does not fall within the *Bowman* category because we find the following periods must be excluded from the calculation of the proper six month period: (1) Under Rule 6(b) of the Plan the period from November 24, 1975 to December 9, 1975 is plainly excludable since the postponement of arraignment before the magistrate was granted solely on the request of the defendant. *United States v. Oliver*, 523 F.2d 253 (2d Cir. 1975), (2) Under Rule 6(d) of the Plan the period of delay from December 9, 1975 to December 10, 1975 is plainly excludable in that it was caused solely by the absence of the defendant, and (3) The two days from December 10, 1975 to December 12, 1975 are attributable to the random selection process normally followed by the Clerk of the Court in assigning criminal cases to the District Judge. While no specific portion of Rule 6 expressly excludes this type of delay we feel that it is excludable under Rule 6(a) in that it was a period of delay while proceedings against the defendant were pending, or, at the very least, under Rule 6(h) as being occasioned by exceptional circumstances.

■ The total of these three exclusions amounts to 18 days and extends the expiration of the six month period to December 17, 1975.

We find no merit in defendant's argument that these periods should not be excluded because the Government insidiously diverted the case to the magistrate with all of the delays that this might entail since such procedure, given the misdemeanor nature of the charge, was totally proper under 18 U.S.C. § 3401. Nor do we think that *United States v. Neubauer*, 75 CR 175, E.D.N.Y., July 11, 1975, cited by the defendant, requires a different result. In that case the delay of 35 days in assignment to a District Judge was directly chargeable to the Government for its failure to promptly calendar the matter as required by local Calendar Rule 2(b) and its failure to designate the case as a related case as required by local Calendar Rule 3(b). Here the magistrate and the Clerk's office personnel acted with due diligence in effecting the assignment to the District Judge, the brief delay being caused only by the normal procedures of the Clerk's office under the random assignment system. In fact, the *Neubauer* decision suggests that had the delay in that case been caused only by the normal procedures of the random selection process it would have been excluded. *Id.* at 6.

■ Assuming the two day delay caused by the reassignment process to the District Court is not excludable under Rule 6 of the Plan, thus accelerating the expiration date of the six month period to December 15, 1975, we do not think that *Bowman* requires dismissal of the indictment. Although under *Bowman* a defendant must be arraigned within the six month period we are not unmindful of the fact that the *Bowman* arraignment rule is not an end in itself and should not be applied if its objectives are achieved by other means. *See United States v. Rodriguez*, 529 F.2d 598 (2d Cir. 1976). We conclude that the objectives of the *Bowman-Rodriguez* rule were achieved when the parties appeared before the magistrate for the purpose of arraignment on December 10, 1975 since at that time not only was the Government ready for trial but the defendant was fully aware of the Government's readiness and nothing more could be done either by the Government or the Court to effectuate a speedy arraignment.

Therefore, defendant's motion to dismiss the complaint is denied.

So ordered.