**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James L. BIGELOW,
Defendant-Appellant.**

**No. 76–2324.**

United States Court of Appeals,
Sixth Circuit.

Nov. 5, 1976.

Richard A. Rossman, Pleasant Ridge, Mich., for defendant-appellant.

F. Randall Karfonta, Detroit, Mich., for amicus curiae.

Philip Van Dam, U. S. Atty., Detroit, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and McCREE and ENGEL, Circuit Judges.

PHILLIPS, Chief Judge.

James Bigelow is in custody awaiting trial in the United States District Court for the Eastern District of Michigan on the charge of mailing a letter containing a threat to take the life of the President of the United States in violation of 18 U.S.C. § 871. The District Court refused to admit Bigelow to bail. Bigelow appeals pursuant to Fed.R.App.P. 9(a).[1]

A suggestion was made by Bigelow for a hearing *en banc*. No judge of the court having requested a vote on such suggestion, the appeal has been assigned to this panel for disposition.

Two contentions are made:

(1) That the District Court exceeded its power in holding Bigelow in custody without bail; and

(2) That Bigelow was arrested on June 2, 1976, and is entitled to immediate release because of the expiration of the 90-day limitation period prescribed by the Speedy Trial Act. 18 U.S.C. § 3164(c).

Defendant is charged with having sent to the President of the United States, and to others, a letter dated May 22, 1976, which concluded:

THERE IS ONLY ONE FEASIBLE WAY TO COUNTER SUCH A STRONG AND PERVASIVE GOVERNMENTAL AND BUSINESS ENSLAVEMENT AND THAT IS TO KILL THOSE RESPONSIBLE.

Defendant is further charged with having sent to the President of the United States, and to others, a second letter, dated June 1, 1976, stating: "I am going to make an attempt to KILL you, President Ford."

On June 2, 1976, the defendant was arrested by the United States Secret Service for sending the letter of June 1 threatening the life of the President.

The federal magistrate initially set bond at $10,000, which later was increased to $35,000. The magistrate entered a written statement of reasons for bond, enumerating the following:

(a) The defendant lacks ties to the community, i. e. eviction from his current residence, unemployment and no relatives in the area.

(b) Despite no steady employment, defendant has demonstrated a high degree of mobility and the ability to purchase sophisticated electronic equipment.

(c) The nature of the crime is very serious though the maximum penalty is only five (5) years.

(d) The Assistant United States Attorney has presented evidence that would make the likelihood of conviction great.

(e) The defendant, as acknowledged by defense counsel, has a history of mental instability and is in need of psychiatric help.

(f) The defendant by the nature of the crime he is charged with and the manner in which he has behaved, has made it difficult for this judicial officer to accept his personal promise to return as his only bond.

On June 22, 1976, a bond review hearing was conducted before District Judge James Churchill. Bigelow testified that he sent the letters threatening the President "precisely to precipitate this trial." Judge Churchill cancelled bail, stating the following reasons for his action:

The defendant is charged with mailing a letter which contains a threat against

---

1. **(a) Appeals from Orders Respecting Release Entered Prior to a Judgment of Conviction.** An appeal authorized by law from an order refusing or imposing conditions of release shall be determined promptly. Upon entry of an order refusing or imposing conditions of release, the district court shall state in writing the reasons for the action taken. The appeal shall be heard without the necessity of briefs after reasonable notice to the appellee upon such papers, affidavits, and portions of the record as the parties shall present. The court of appeals or a judge thereof may order the release of the appellant pending the appeal.

the life of the President of the United States. The history of the defendant's efforts to obtain reduced bail is set forth in the Motion to Reduce Bond dated and filed June 21, 1976. The defendant testified at the bail review hearing. Without objection, the Court read a copy of one of several letters admittedly written by the defendant. The defendant is a very disturbed and frustrated person, who apparently has all manner of grievances with public and industrial officials. He obviously wrote and mailed the letters for the purpose of drawing attention to himself. He was recently arrested by state authorities on a charge related to a threat with a butcher knife.

I am convinced that he will take progressively more drastic steps to bring public official attention to his real or imagined grievances. I am also convinced that he will, if necessary to accomplish such purpose, cause this physical violence or death to the President of the United States, some other public official, or himself.

On July 1, 1976, the federal magistrate ordered that Bigelow be transferred to the Federal Medical Facility at Springfield, Missouri, pursuant to 18 U.S.C. § 4244 for the purpose of determining whether he is competent to stand trial. A report from the Medical Facility, received August 16, 1976, stated that Bigelow is competent to stand trial. On August 30, 1976, Bigelow was returned from Springfield, Missouri, to the federal prison at Milan, Michigan.

On August 20, 1976, an indictment was returned charging Bigelow with twelve counts of mailing a threatening communication, in violation of 18 U.S.C. § 871.

On September 1, 1976, Bigelow was arraigned on the indictment and a plea of not guilty was entered. The magistrate ordered that Bigelow remain in custody without bond. Counsel for Bigelow was notified that the trial was scheduled for October 6, 1976.

On September 22, 1976, on motion of Bigelow, a bond review was held before District Judge John Feikens, to whom the case had been assigned for trial. At that time Bigelow argued: (1) that the court had no authority to impose "preventive detention" and, in any event, that this was not an appropriate case for detention without bail; and (2) that the court is required to release him under the Speedy Trial Act. 18 U.S.C. § 3164.

Judge Feikens denied the motion for release, entering the following written "Statement of Reasons for Denying Bail:"

The defendant is charged with mailing a letter which threatens the life of the President of the United States. On June 22, 1976, an evidentiary hearing was held before Judge Churchill in connection with an earlier motion to reduce bond; the defendant himself testified at the hearing. On the basis of this testimony and other facts presented, Judge Churchill determined that the defendant was dangerous and that his enlargement on bail would pose a serious threat to the life of the President.

This Court has no reason to question this determination. The United States Court of Appeals for the Sixth Circuit has implicitly ruled that preventive detention may be allowed in an appropriate case. *United States v. Wind,* 527 F.2d 672 (6th Cir. 1975). Because of the finding of defendant's dangerousness and that he might commit progressively more dangerous acts if released, the Court believes that preventive detention is appropriate here.

Defendant has been held in custody for 113 days since his arrest on June 2, 1976. 18 U.S.C. § 3164 provides that "persons who are being held in detention solely because they are awaiting trial" must be released if not brought to trial within 90 days. That provision does not require defendant's release in this case. From July 1 to August 16, an investigation was conducted to determine defendant's competency to stand trial. The Court holds that for this 46-day period the defendant was not detained "solely" to await trial within the meaning of § 3164. *Moore v. U. S. Dist. Ct., Northern Dist. of Califor-*

*nia,* 525 F.2d 328 (9th Cir. 1975). Accordingly, defendant's release will not be required under § 3164 for at least another 23 days. The trial is presently scheduled for October 6, 1976.

On September 27, 1976, Bigelow filed in the District Court a motion to continue the trial until mid-November 1976. At the hearing on this motion the District Court inquired of Bigelow personally whether he concurred in the motion for a continuance and whether he understood that granting the motion would mean that he would remain in custody beyond the limits prescribed by the Speedy Trial Act. Bigelow answered in the affirmative. The court thereupon continued the trial until November 17, 1976.

On the Speedy Trial Act issue, the Ninth Circuit said in *Moore v. District Court,* 525 F.2d 328, 329 (9th Cir. 1975):

> A detained defendant must be brought to trial within the time limited by 18 U.S.C. § 3164(b) if the defendant falls within subsection 18 U.S.C. § 3164(a)(1). However, a district judge may, upon a finding that the demands of due process so require, exclude both (1) the period during which a defendant is detained for a study of his mental competency pursuant to a court order under 18 U.S.C. § 4244 and (2) the time consumed by court hearings on the defendant's competency, from the ninety (90) day period set forth in 18 U.S.C. § 3164(b). Upon such a finding, a detained defendant is not a defendant detained solely because he is awaiting trial under 18 U.S.C. § 3164(a)(1) during the time he is committed pursuant to 18 U.S.C. § 4244 for a study to determine his mental competency or during the time consumed by court hearings on his mental competency.

See also *United States v. Paunetto,* 406 F.Supp. 763, 765, n. 5, (E.D.N.Y.1976).

■ We agree with the Ninth Circuit that the period during which Bigelow was detained for a study of his mental competency is excluded from the 90-day period set forth in 18 U.S.C. § 3164(b). Likewise, the time between October 6, 1976, when the case was scheduled for trial, and November 17, 1976, the date to which the trial has been continued pursuant to motion of Bigelow, is excluded from the 90-day period. Bigelow therefore, is not entitled to release under the Speedy Trial Act, although like all defendants held in pre-trial detention for want of bail, he should be accorded the earliest feasible trial date.

We are not able to agree with the District Court, however, on the issue of preventive detention.

■ The decision of this court in *United States v. Wind,* 527 F.2d 672 (6th Cir. 1975), is no authority for preventive detention without bail under the facts of the present case. In *Wind* we said:

> We hold that in a pretrial bail hearing on a non-capital offense, a judicial officer may consider evidence that the defendant has threatened witnesses and is a danger to the community in determining whether the defendant should be released pursuant to 18 U.S.C. § 3146.
>
> 527 F.2d at 675.

To like effect see *United States v. Gilbert,* 138 U.S.App.D.C. 59, 425 F.2d 490 (1969).

■ Our decision in *Wind* is in accord with the opinion of Mr. Justice Douglas in *Carbo v. United States,* 82 S.Ct. 662, 7 L.Ed.2d 769 (1962).[2] There, Justice Douglas denied a defendant bail pending appeal to the Court of Appeals for the Ninth Circuit.[3] Bail was denied because the defendant posed a threat to the safety and security of witnesses, thereby hampering the operation of the court. This inherent power of the court to insure the orderly progress of a criminal prosecution should be used only in an extreme or unusual case when the court's own processes are jeopardized as by

---

**2.** Application for review of order denied. *Carbo v. United States,* 369 U.S. 868, 82 S.Ct. 1137, 8 L.Ed.2d 274 (1962).

**3.** See *Carbo v. United States,* 288 F.2d 686 (9th Cir. 1961); *see also* 302 F.2d 456 (9th Cir. 1962).

threats against a witness. *Carbo v. United States, supra, United States v. Gilbert, supra.* As Mr. Justice Douglas was careful to emphasize, "Denial of bail should not be used as an indirect way of making a man shoulder a sentence for unproved crimes." 82 S.Ct. at 667.

The appellant in the present case has neither threatened witnesses nor, on the record before us, taken any steps or made any threats that would hazard an orderly trial on the date now scheduled, November 17, 1976.

In *Stack v. Boyle,* 342 U.S. 1, 4, 72 S.Ct. 1, 3, 96 L.Ed. 3 (1951), the Supreme Court said:

> From the passage of the Judiciary Act of 1789, 1 Stat. 73, 91, to the present Federal Rules of Criminal Procedure, Rule 46(a)(1), federal law has unequivocally provided that a person arrested for a non-capital offense *shall* be admitted to bail. This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. See *Hudson v. Parker,* 156 U.S. 277, 285, 15 S.Ct. 450, 453, 39 L.Ed. 424 (1895). Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning.

Mr. Justice Jackson, in *Williamson v. United States,* 184 F.2d 280, 282. (2d Cir. 1950), granted an extension of bail pending action by the Supreme Court on a petition for certiorari, saying:

> Imprisonment to protect society from predicted but unconsummated offenses is so unprecedented in this country and so fraught with danger of excesses and injustice that I am loath to resort to it, even as a discretionary judicial technique to supplement conviction of such offenses

as those of which defendants stand convicted.

 Preventive detention without bail even in non-capital cases, has been both advocated [4] and condemned.[5] However, so far as we are able to determine, preventive detention has been authorized by Congress only in the District of Columbia.[6] We find no Congressional authorization for preventive detention under the facts of the present case.

We conclude that the District Court erred in holding Bigelow in preventive custody without bail. The order denying bail is vacated, and the case is remanded to the District Court for further proceedings in accordance with 18 U.S.C. § 3146.

Vacated and remanded.

---

4. John N. Mitchell, *Bail Reform and The Constitutionality of Pretrial Detention,* 55 Va.L. Rev. 1223 (1969).

5. Laurence H. Tribe, *An Ounce of Detention: Preventive Justice in the World of John Mitchell,* 56 Va.L.Rev. 371 (1970).

6. Act of July 29, 1970, Pub.L.No.91–358, 84 Stat. 642, *codified in* D.C.Code §§ 23–1321 to 1332. *See* opinion of Judge Thomas D. Lambros in *United States v. Cowper,* 349 F.Supp. 560 (N.D.Ohio 1972).