UNITED STATES of America,
Plaintiff-Appellee,

v.

Vernon Keith McCRARY,
Defendant-Appellant.

No. 77–5360.

United States Court of Appeals,
Sixth Circuit.

Submitted Dec. 5, 1977.

Decided Jan. 20, 1978.

Steven W. Reifman, Federal Defender, Detroit, Mich., for defendant-appellant.

James K. Robinson, U. S. Atty., William Richards, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Before EDWARDS, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This court has received an appeal in the above-styled case, along with a suggestion for hearing en banc. No active judge in this court having moved for hearing en banc, said appeal has been referred to a panel of this court for consideration under Rule 3(e) of the Rules of the United States Court of Appeals for the Sixth Circuit.

The record indicates that appellant was arrested on July 28, 1977, and charged with armed bank robbery. Bail was set that same day at $25,000, which defendant has been unable to post. Subsequently, on August 19, 1977, appellant was indicted by a federal grand jury on seven counts of seven separate armed bank robberies. Represented by the Federal Defenders Office, defendant filed a notice of insanity defense and/or mental disease or defect inconsistent with the required mental element. The District Judge assigned to this case scheduled hearings on the pretrial motions for October 20, and trial for October 25, both dates being within 90 days of the date of arrest.

At the pretrial hearing defendant testified, and while we do not have the testimony transcribed as a part of this record, we note that on November 15, 1977, when the District Judge denied defendant's motion for release pending trial, he stated that he had terminated the pretrial hearing because he was "ordering that a competency determination with respect to Mr. McCrary occur before further proceedings." The court, *sua sponte*, characterized the delay as "raising the question of defendant's competency to participate in the hearing and, *a fortiori*, to stand trial." Trial was postponed and the hearing was adjourned until such time as defendant could be examined and his competency determined.

The November 11, 1977 order of the District Court further provided, "On motion of the government and based on testimony heard by the court on October 20, 1977, it is hereby ordered that the defendant Vernon McCrary be examined by a psychiatrist to determine his competence to stand trial."

Under these circumstances, this court feels that the instant case is governed by the first holding of this court in *United States v. Bigelow*, 544 F.2d 904 (6th Cir. 1976), where the court said: "We agree with the Ninth Circuit [citing *Moore v. District Court*, 525 F.2d 328, 329 (9th Cir. 1975)] that the period during which Bigelow was detained for a study of his mental competency is excluded from the 90-day period set forth in 18 U.S.C. § 3164(b)." *Supra* at 907.

During such a period a detained defendant is not detained "solely because [he is] awaiting trial" under 18 U.S.C. § 3164(a)(1) (Supp. V 1975).

In the instant case appellant's counsel had raised a mental illness defense. His trial had been scheduled within the 90-day limits set by the Speedy Trial Act. The District Court has certified that his testimony at a pretrial hearing occasioned the court, *sua sponte*, to continue the pretrial hearing and adjourn the scheduled trial date in order to determine appellant's competency to stand trial.

Under these circumstances, we feel the instant case is fully within the rationale of the holding cited in *United States v. Bigelow, supra*, and that the delay represents no violation of appellant's rights under the Speedy Trial Act.

The judgment of the District Court in denying the motion for release is hereby affirmed. *See* Rule 8 of the Rules of the United States Court of Appeals for the Sixth Circuit.