UNITED STATES of America, Plaintiff-Appellee,

v.

George A. LEE, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Adam L. SOLOMON, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Willie L. TATE, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Charles E. WALKER, Defendant-Appellant.

Nos. 77–5296 to 77–5299.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 10, 1978.

Decided May 19, 1978.

---

Thomas R. Michalski, Toledo, Ohio, for defendant-appellant in No. 77–5296.

Thomas G. Douglas, Toledo, Ohio, for defendant-appellant in No. 77–5297.

Ralph DeNune, III, Toledo, Ohio, for defendant-appellant in No. 77–5298.

Gerald M. Ozan, Euclid, Ohio, for defendant-appellant in No. 77–5299.

William D. Beyer, U. S. Atty., James D. Jensen, Asst. U. S. Atty., Toledo, Ohio, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and CELEBREZZE and KEITH, Circuit Judges.

PHILLIPS, Chief Judge.

The principal issue on this appeal requires construction of the Speedy Trial Act of 1974, 18 U.S.C. § 3161, *et seq.*

The four defendants were convicted at a jury trial of unlawful possession and transportation of firearms in violation of 18 U.S.C.App. § 1202(a)(1) and 26 U.S.C. §§ 5681(d) and 5871. They filed motions in the district court to dismiss the indictments on the ground that the Government failed to comply with the Speedy Trial Act. District Judge Don J. Young overruled the motions in an unreported memorandum opinion filed May 16, 1977.

### I.

The Speedy Trial Act was enacted January 3, 1975, to implement the provision of the sixth amendment that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . [1]

The report of the House Judiciary Committee states:

The Committee finds that the adoption of speedy trial legislation is necessary in order to give real meaning to that Sixth Amendment right. Thus far, neither the decisions of the Supreme Court nor the implementation of Rule 50(b) of the Federal Rules of Criminal Procedure, concerning plans for achieving the prompt disposition of criminal cases, provides the courts with adequate guidance on this question. H.R.Rep.No. 93–1508, 93d Cong., 2d Sess., *reprinted in* [1974] U.S. Code Cong. & Admin.News pp. 7401, 7404–05.[2]

---

1. *See* Frase, *The Speedy Trial Act of 1974,* 43 U.Chi.L.Rev. 667 (1976).

2. Rule 50(b) was sponsored by the Judicial Conference of the United States and submitted to Congress by the Supreme Court in June 1972. The rule has been in effect since January 1973.

*See also United States v. Simmons,* 536 F.2d 827, 835 (9th Cir.), *cert. denied,* 429 U.S. 854, 97 S.Ct. 148, 50 L.Ed.2d 130 (1976).

The Act prescribes time limits for various proceedings from arrest to trial. When this legislation becomes fully effective on July 1, 1979, the time for indictment or information will be limited to 30 days from the arrest or service of summons. 18 U.S.C. § 3161(b). Arraignment will be required to follow within 10 days after indictment. Trial will be required to begin within 60 days after arraignment. 18 U.S.C. § 3161(c).

The sanction for failure to meet the statutory time limits, after deducting excludable delays, will be dismissal of the indictment. Whether the dismissal is with or without prejudice is to be determined by the court based upon considerations outlined in the statute. 18 U.S.C. § 3162(a)(2). A fine or temporary suspension from practicing before the court may be imposed on an attorney either for the Government or for a defendant if the attorney intentionally delays the proceedings. 18 U.S.C. § 3162(b). The sanctions do not become effective until July 1, 1979. 18 U.S.C. § 3163(c). *See United States v. Amendola,* 558 F.2d 1043, 1044 (2d Cir. 1977); *United States v. Carpenter,* 542 F.2d 1132, 1134 (9th Cir. 1976).

The statute provides a five-year phase-in period before it becomes fully effective on July 1, 1979. No time limits were established during the first year, from July 1, 1975, to July 1, 1976. Defendants arrested between July 1, 1976, and July 1, 1977, were required to be indicted within 60 days of arrest; for defendants arraigned between July 1, 1976, and July 1, 1977, the time between arraignment and commencement of trial could not exceed 180 days. The time limits for the period between July 1, 1977, and July 1, 1978, are 45 and 120 days respectively, and for the period between July 1, 1978, and July 1, 1979, 35 and 80 days respectively. 18 U.S.C. § 3161(f), (g). The time limit of ten days between indictment and arraignment remains effective throughout the five-year phase-in period. Certain periods of delay are excludable in computing the time in which an indictment or information must be filed, and in computing the time in which the trial must commence. 18 U.S.C. § 3161(h). Section 3174 contains provisions for a brief suspension of time limits during judicial emergencies, by action of the Judicial Conference of the United States upon application of the judicial council of a circuit.

Two decisions of this court have dealt with interim time limits under 18 U.S.C. § 3164 pertaining to detained defendants and high risk defendants on bail or recognizance. *United States v. McCrary,* 569 F.2d 429 (6th Cir. 1978); *United States v. Bigelow,* 544 F.2d 904 (6th Cir. 1976).

Each district court was required to file with the Administrative Office of the United States Courts, prior to July 1, 1976, an interim plan for the disposition of criminal cases during the third and fourth years after enactment of the statute. The second and final plan must be filed by each district before July 1, 1978.

The trial of appellants was conducted under the Interim Speedy Trial Plan for the Northern District of Ohio, which was filed with the Administrative Office of the United States Courts on June 16, 1976, and became effective July 1, 1976.

Under the provisions of 18 U.S.C. § 3161(g), the time limit for the beginning of the trial of a defendant arraigned between July 1, 1976, and July 1, 1977, was fixed at 180 days after arraignment. The Interim Plan for the Northern District of Ohio prescribed a time limit of 80 days after arraignment during this period.

Appellants were first indicted on August 25, 1976. Walker was first arraigned on September 24, 1976, and the three other appellants were arraigned on October 15, 1976. The first indictment was dismissed without prejudice on December 10, 1976. A new indictment containing eight counts was filed on January 18, 1977. Walker was re-arraigned on February 4, 1977, and the

other three appellants were re-arraigned on March 11, 1977. Trial began on May 16, 1977.

The decision of the district court on the speedy trial issue must be affirmed for two reasons: First, the sanction of dismissal of the indictment imposed under 18 U.S.C. § 3162(a)(2) does not become effective until July 1, 1979. *See* 18 U.S.C. § 3163(c); *United States v. Carini,* 562 F.2d 144, 148 (2d Cir. 1977); *United States v. Amendola, supra,* 558 F.2d 1043, 1044 (2d Cir. 1977).

Second, the Plan for the Northern District of Ohio expressly provides that failure to meet its goals does not require dismissal of the indictment except in proceedings against juveniles. This was one of the grounds stated by the district judge for denying the motion to dismiss the indictments, and is fully supported by *United States v. Lambros,* 564 F.2d 26, 32 (8th Cir. 1977).

Since dismissal of the indictment is not required under the controlling provisions of the statute and the Interim District Court Plan, it is not necessary to determine in the present case what periods of excludable time would be applicable under 18 U.S.C. § 3161(h).

## II.

All four appellants were indicted and found guilty of possessing two 12-gauge shotguns. In addition, Walker and Tate were charged and found guilty of possessing or transporting a .38 caliber revolver. There is no evidence in the record that Walker or Tate ever possessed the shotguns, or that Tate ever possessed a handgun. The Government argues that the evidence was sufficient to support a jury verdict that Walker and Tate were guilty of having constructive possession of the shotguns. We find no evidence to support this contention. *See United States v. Birmley,* 529 F.2d 103, 107–08 (6th Cir. 1976); *United States v. Daniels,* 527 F.2d 1147 (6th Cir. 1975); *United States v. Craven,* 478 F.2d 1329, 1333–34 (6th Cir.), *cert. denied,* 414 U.S. 866, 94 S.Ct. 54, 38 L.Ed.2d 85 (1973). We hold that the evidence was insufficient for the jury to find or infer constructive possession of the two shotguns, and that to this extent the verdict of the jury is not supported by the evidence.

All other issues raised by appellants have been considered and are found to be without merit.

The conviction of Tate under both Counts V and VI is reversed. The conviction of Walker under Count I is reversed. That part of Count II charging Walker with possession or transportation of the shotguns is reversed. That part of Count II charging Walker with possession or transportation of a .38 caliber revolver is affirmed. The convictions of Solomon and Lee are affirmed. The case is remanded to the district court for resentencing of Walker and for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part and remanded.