944 F.2d 901
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ray FRITTS, Petitioner-Appellant,
v.
Doctor JOHNSON, Doctor Owens, Doctor Backer, Butner FCI
Administrator, Respondents-Appellees.
 No. 91-7601.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 24, 1991.
Decided Sept. 30, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt and Terrence W. Boyle, District Judges. (CA-91-185-HC)
 Ray Fritts, appellant pro se.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, K.K. HALL and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ray Fritts brought this federal habeas petition seeking release from the Federal Correctional Institution at Butner, North Carolina. Fritts is being held at FCI-Butner pursuant to 18 U.S.C. § 4241(d) because he was found incompetent to stand trial on a charge of mailing a threatening communication to a federal judge. We affirm.
 
 
 2
 Fritts made numerous claims regarding the validity of his confinement. He claimed that the judge who ordered him committed for evaluation did not have authority to do so because there was potential for bias. He further claimed that he was not released on his own recognizance prior to trial pursuant to 18 U.S.C. § 3164; however, he was not released prior to trial because his competence was being evaluated pursuant to 18 U.S.C. § 4241(d). He claimed that the delay in bringing him to trial violated the Speedy Trial Act, 18 U.S.C. § 3162, though he was not tried because he was found incompetent to stand trial. He also claimed that the charges lodged against him were meritless, and that he was not incompetent to stand trial.
 
 
 3
 The district court dismissed the petition because the pleadings did not raise an arguable claim for relief. Fritts moved for reconsideration and for monetary damages for each day he was held in custody. The motion for reconsideration and the claim for monetary damages were denied. Fritts again moved for reconsideration, and the motion was again denied. Fritts appealed. Fritts has also moved for release pending appeal, and for criminal prosecution of two judges and several officials at FCI-Butner. He renewed his motion for monetary damages for each day of his incarceration.
 
 
 4
 The district court correctly dismissed the petition as meritless on its face. See Neitzke v. Williams, 490 U.S. 319 (1989) (summary dismissal proper under 28 U.S.C. § 1915(d) where complaint states no arguable claim). Fritts's speedy trial and pretrial release claims are clearly frivolous in light of his incarceration for mental evaluation. 18 U.S.C. § 3161(h)(1)(a) (mental competence examination time excluded from speedy trial calculation); United States v. McCrary, 569 F.2d 429 (6th Cir.1978) (mental evaluation time excluded from pretrial release statute). Further, Fritts has not stated any facts which could support a finding of extrajudicial bias on the part of Judge Cook, so his claim that Judge Cook should not have heard the case was frivolous. See In re Beard, 811 F.2d 818 (4th Cir.1987) (recusal warranted only upon a showing of extrajudicial bias). Fritts's remaining claims were also frivolous. Consequently, we affirm.
 
 
 5
 In light of this disposition, the motion for release pending appeal is denied. Fritts's motion for criminal prosecution of the judges and appellees and his renewed motion for monetary damages are also denied.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 7
 AFFIRMED.