**UNITED STATES of America**
**v.**
**Kermit N. GILBERT, Jr., Appellant.**
**No. 23711.**

United States Court of Appeals
District of Columbia Circuit.

Decided Dec. 17, 1969.

Mr. Marvin E. Preis, Washington, D. C., was on the pleading for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Terry P. Segal, Asst. U. S. Attys., were on the pleading for appellee.

Before FAHY, Senior Circuit Judge, and LEVENTHAL, Circuit Judge.

PER CURIAM:

Appellant was arrested and charged with assault with intent to kill in connection with an October 1969 shooting incident. He was ordered held without bond by a judge of the Court of General Sessions sitting as a committing magistrate. The magistrate did not follow the Bail Agency's recommendation of release on personal recognizance because appellant was alleged to have threatened to kill the complaining witness and thus had engaged in the obstruction of justice.

At the bond review hearing before the District Court counsel for appellant stressed appellant's strong community ties, his assurance of employment if released, and his lack of any criminal record. The court interrogated counsel for the government with regard to the allegation of threats against the complaining witness. Counsel represented that friends of appellant had wrongfully entered the apartment of the government's eye-witness and threatened her to make her call the police to disavow appellant's guilt in the shooting incident. The court pointed out that the committing magistrate had found that appellant himself had threatened the complaining witness. When counsel for the government could not postively represent that

such threats were actually made, the court then, and we think quite properly, ordered that the witness be produced in court the following morning for questions concerning the allegations of threats. The next day the government excused the failure of the eye-witness to be in court by stating that she was "weary" of the processes in the case due to the alleged threats and suggested that she appear the following Monday. Counsel for appellant objected to the delay because of the continued incarceration of his client. This objection led the court to deny forthwith appellant's request for release without any further opportunity for counsel to speak to the motion. This appeal followed.

A trial court has the inherent power to revoke a defendant's bail during the trial if necessary to insure orderly trial processes. Fernandez v. United States, 81 S.Ct. 642, 5 L.Ed.2d 683 (1961) (Harlan, Circuit J.); Carbo v. United States, 288 F.2d 282, 686 (9th Cir. 1961); United States v. Bentvena, 288 F.2d 442, 443 (2d Cir. 1961). This is so even though it is recognized that a "defendant in a noncapital case has an absolute right to be enlarged on bail prior to conviction." 81 S.Ct. at 644.[1] The necessities of judicial administration prevail, and the right to bail is not literally absolute.

In Carbo v. United States, 82 S.Ct. 662, 7 L.Ed.2d 769 (1962), Circuit Justice Douglas acknowledged that this inherent power may even extend to custody in advance of trial when the court's own processes are jeopardized by threats against a government witness. He took the view that this inherent power should be exercised, however, only in an "extreme or unusual case." 82 S.Ct. at 668.[2]

We are satisfied that courts have the inherent power to confine the defend-

[1] Although Justice Harlan was referring to Rule 46(a) (1) of the Federal Rules of Criminal Procedure, the same right to pretrial release in a noncapital case obtains under the Bail Reform Act of 1966, 18 U.S.C. § 3146.

[2] The companion case to *Carbo* was not found to be an appropriate situation for the denial of release in the exercise of the court's extraordinary inherent power. Sica v. United States, 82 S.Ct. 669, 7 L.Ed.2d 778 (1962) (Douglas, Circuit J.).

ant in order to protect future witnesses at the pretrial stage as well as during trial. Yet this power should be exercised with great care and only after a hearing which affords the defendant an ample opportunity to refute the charges that if released he might threaten or cause to be threatened a potential witness or otherwise unlawfully interfere with the criminal prosecution.

 At the hearing before the District Judge the government submitted that appellant should be held on the basis of "substantiated" charges of threats against witnesses. No hearing was held by the court to determine whether there was a genuine basis for the allegation of threats by appellant. For cause shown, such as excusable failure of a witness to attend, the District Judge may order a short delay in hearing, but he may not dispense altogether with the requirement for his own determination, after hearing, that the necessities of judicial administration require resort to such an emergency power. If the hearing showed threats by friends of appellant, which is all the government alleged here, a question would arise as to the defendant's involvement. If his denial of personal complicity were credited, the District Judge could not find that his release would interfere with justice, indeed he might be able to restrain those who thought they were doing him a good turn. The District Judge could fashion an appropriate order that would suitably condition release, e. g., upon his making efforts to provide such restraint, or otherwise protect the government's interest. In the instant case it was affirmatively stated by the government that the witnesses are receiving police protection and that they have left the Washington area.

The allegation of threats against government witnesses should not have been handled in a summary fashion. We accordingly reverse the order of the District Court and remand the case for further proceedings.

It is so ordered.