Thomas Edward **BLUNT**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 8459.

District of Columbia Court of Appeals.

July 8, 1974.

Melvin M. Feldman, Rockville, Md., appointed by this court, for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Richard A. Graham and Donald E. Robinson, Jr., Asst. U. S. Attys., for appellee.

Before REILLY, Chief Judge, and KELLY and NEBEKER, Associate Judges, in chambers.

NEBEKER, Associate Judge:

In this case, appellant challenges not only the application to him of the pretrial detention statute, *viz.*, D.C.Code 1973, § 23–1322, but also its constitutionality. The relevant portion of this Code provision reads:

(a) Subject to the provisions of this section, a judicial officer may order pretrial detention of—

(1) a person charged with a dangerous crime, as defined in section 23–1331(3), if the Government certifies by motion that based on such person's pattern of behavior consisting of his past and present conduct, and on the other factors set out in section 23–1321(b), there is no condition or combination of conditions which will reasonably assure the safety of the community;

(2) a person charged with a crime of violence, as defined in section 23–1331(4), if (i) the person has been convicted of a crime of violence within the ten-year period immediately preceding the alleged crime of violence for which he is presently charged; or (ii) the crime of violence was allegedly committed while the person was, with respect to another crime of violence, on bail or other release or on probation, parole, or mandatory release pending completion of a sentence; or

(3) a person charged with any offense if such person, for the purpose of obstructing or attempting to obstruct justice, threatens, injures, intimidates, or attempts to threaten, injure, or intimidate any prospective witness or juror.

Appellant has been ordered detained pending trial under subsection (a)(3) of the foregoing section of the Code, as one who "for the purpose of obstructing or attempting to obstruct justice, threatens, injures, intimidates, or attempts to threaten, injure, or intimidate any prospective witness or juror." He has a lengthy record of committing crimes of violence. At the time of his most recent arrest for the offense of felonious assault, he was on parole. He also has been charged with threatening a prospective witness and attempting to obstruct justice. The crime of violence for which he is presently charged is alleged to have been committed while he was on bail on a robbery charge. We re-

ject appellant's contentions on appeal, including his constitutional argument, and affirm.

Appellant was first arrested on the present charge of assault with a dangerous weapon upon Miss Alysia Taylor on January 2, 1974. He was presented on January 3, at which time a bond in the amount of $5,000 was set. He was subsequently indicted and was arraigned on March 8, 1974, the $5,000 bond remaining. On May 8, appellant was reindicted for the same offenses that were charged in his original indictment along with certain additional charges, and was arraigned on May 17. Bond was set at $5,000 in the new case. At that time defense counsel asked the court for a reduction of bond. The government objected, stating that appellant had several times threatened Miss Taylor and her family, including threats on the days of his presentment and preliminary hearing. The court continued the hearing on the issue of bond to May 21, when counsel for the government, in addition to opposing the motion for reduction of bond, orally moved the court to commit appellant without bail under the provisions of D.C. Code 1973, § 23–1322. In support of its motion, the government proffered that appellant was charged with having made several threatening telephone calls to Miss Taylor and to another prospective witness, Edward Taylor. The government also produced certified copies of two of appellant's prior convictions, both for robbery, in 1967 and 1971, and called attention to appellant's record of six felony convictions and to the fact that the instant assault offense was assertedly committed while appellant was on parole for the 1971 robbery conviction and on bond in another case.

Defense counsel proffered that appellant had been employed when last released, that he would live with his mother if released, and that Bonabond, Inc. was willing to take third-party custody of him. No testimony was presented by either side, and appellant made no proffer to rebut the government's statement that he had threatened the complaining witness, nor did he attempt to contradict it.

On the basis of the proffered evidence the trial court made the following Findings of Fact:

1. The defendant, Thomas Blunt, was indicted, inter alia, for the crime of assault with a deadly weapon in this case. This is a crime of violence referred to in D.C.Code § 23–1322(a)(2) and as defined in D.C.Code § 23–1331(4).

2. The defendant has been convicted of a crime of violence within a ten year period immediately preceding the alleged crime of violence for which he is presently charged; to wit, a March 31, 1967 robbery conviction in Criminal Case No. 364–65 in the United States District Court for the District of Columbia, and a January 19, 1971 robbery conviction in Criminal Case No. 1248–70 in the United States District Court for the District of Columbia. D.C.Code § 23–1322(a)(2)(i).

3. The crime of violence for which the defendant is presently charged was allegedly committed while he was on bail with respect to another crime of violence, i. e., robbery in Superior Court Criminal Case No. 69638–73 which was pending at that time before Judge Korman. D.C.Code § 23–1322(a)(2)(ii).

4. Further, the crime of violence for which Thomas Blunt is presently charged was allegedly committed while he was on parole on his 1971 robbery conviction (# 1248–70) referred to above. D.C.Code § 23–1322(a)(2)(ii).

5. The defendant, while charged with the crime of assault with a deadly weapon allegedly has attempted to obstruct justice, threaten, injure or intimidate a prospective witness against the defendant in United States v. Thomas Blunt, Criminal Case No. 392–74. D.C.Code § 23–1322(a)(3).

6. The defendant has a lengthy criminal record, an outline of which is as follows:

| | | |
|---|---|---|
| 1154–52 | Housebreaking | Dismissed |
| 1155–52 | Robbery | Dismissed |
| 1156–52 | Robbery | Dismissed |
| 1157–52 | Robbery | 10 mos. |
| 1158–52 | Robbery | 10 mos. |
| 1231–52 | Robbery | Dismissed |
| 117–62 | UUV | 1–3 yrs. |
| 1083–64 | Grand Larceny | 3–9 yrs. |
| 364–65 | Robbery, Forgery, Uttering | 5–15 yrs. |
| 1248–70 | Robbery | 3–9 yrs. |
| 255–71 | Robbery | Dismissed |

All of the above are United States District Court for the District of Columbia cases.

| | | |
|---|---|---|
| 69638–73 | Robbery | Not Guilty |
| 33048–74 | ADW; Assault with Intent to Commit Mayhem; Threats; Obstruction of Justice | Pending |

7. The Court has held a pre-trial detention hearing in accordance with D.C. Code § 23–1322(c); and the defendant has been represented by counsel, Melvin Feldman, and he was afforded full opportunity to present evidence by proffer or otherwise, to testify, present witnesses in his own behalf, and, through counsel, fully argue on the motion.

8. The Court finds by clear and convincing evidence that Thomas Blunt is a person described in D.C.Code § 23–1322(a)(1) and (2) and (3) and that there is no condition or combination of conditions of release which will reasonably assure the safety of the community. While the Government has failed to present evidence to show that there is substantial probability that the defendant committed the offense for which he is presently before the Court, the Government is not required to do so nor is the Court required to make any such finding with respect to this defendant under D. C.Code § 23–1322(a)(3).

9. The lengthy record of the defendant's serious criminal background, the gravity of the pending charge, the failure of the defense to offer any suitable structured program of release, the likelihood of flight due to the possible prison sentence the defendant faces if convicted on a third felony, the highly assaultive nature of his past offenses, and the doubtful reliability of the defendant's character, all lead this Court to a conclusion based on clear and convincing evidence that the pre-trial detention of the defendant is necessary to assure the presence of the defendant at his trial and to secure the safety of witnesses in his case and others in the community.[1] Based on those findings, the court ordered that appellant be committed under the provisions of D.C.Code 1973, § 23–1322(a)(3).

Appellant contends that the trial court judge erred in applying the pretrial detention statute to him and, alternatively, that D.C.Code 1973, § 23–1322, is unconstitutional.

### I.

■ Appellant argues that the trial judge ordered his detention solely on the basis of a finding that he "allegedly has attempted to obstruct justice, threaten, injure or intimidate a prospective witness against the defendant. . .",[2] and that this finding is not sufficient to detain a person under section 23–1322(a)(3). However, the trial judge also found "by clear and convincing evidence that Thomas Blunt is a person described in D.C.Code § 23–1322(a)(1) and (2) and (3). . . ."[3] This finding is sufficient for us to determine that the trial judge found the allegation that appellant threatened government witnesses to be true by clear and convincing evidence.

■ Appellant also urges that the trial court could not find that he had threatened any witnesses based on the evidence before

1. Record at 46–48.

2. Record at 46, ¶ 5.

3. Record at 47, ¶ 8.

it because the proffer of evidence by the government at the May 21 hearing was deficient. At that hearing the government represented only that appellant was charged with threatening government witnesses, not that any threats had actually been made. However, the government had outlined the details of the threats at the May 17 hearing on appellant's motion for modification of conditions of release. Although the first proffer was technically made before the government made its motion for pretrial detention, appellant and his counsel were present at the time of the proffer but made no effort to rebut it either then or on May 21. Furthermore, appellant's counsel not only failed to ask the court for additional time to gather evidence to rebut the allegation of threats, but also did not take advantage of an actual offer of the court for such time. Therefore, the reliance by the trial court on the information set out in the May 17 proffer did not prejudice appellant and any error made by such reliance was harmless.[4]

■ In addition to a finding that the defendant had threatened a witness, the court must also find that no condition or combination of conditions of release would reasonably assure the safety of members of the community before it may enter an order detaining a defendant under the provisions of D.C.Code 1973, § 23–1322(a)(3).[5] Appellant contends that there was insufficient evidence for the trial judge to make such a finding. The trial judge based his finding on, *inter alia*, appellant's lengthy criminal record spanning 22 years, the highly assaultive nature of appellant's past offenses, the gravity of the pending charge, and the failure of the defense to present to the court any suitable structured program of release. These facts amply support the finding that no condition or combination of conditions of release would reasonably assure the witnesses' safety in this case.

■■ Pointing to the five-month delay between arrest and the government's motion for pretrial detention, appellant claims that it was improper for the court to grant the motion. This argument is without merit. There is no requirement under the statute that the government must make a motion for pretrial detention as soon as the grounds therefor become apparent or be thereafter foreclosed from making such a motion. Section 23–1322 provides that such a motion may be made "whenever the person is before a judicial officer,"[6] and that such a motion may properly be entertained even after the person has been released on his own recognizance or on money bond.[7] We hold that the government has satisfied the provisions of the statute with respect to raising a pretrial detention motion.

## II.

■ Having determined that section 23–1322(a)(3) was properly applied to appellant, it becomes necessary to determine whether that provision is unconstitutional.[8] Appellant first argues that any statute denying a defendant the right to bail prior to trial is a violation of the right to bail under the Eighth Amendment. Although the language of the Eighth Amendment[9] does

4. Appellant erroneously contends that evidence made by proffer is insufficient under section 23–1322 to justify a finding that detention is warranted under that section. The language of sections 23–1322(b)(2)(C), 23–1322(c)(4), and (5) shows that evidence by proffer may properly be considered in a pretrial detention hearing. Given the unique nature of such proceedings, a full trial of the general issue would be impractical.

5. D.C.Code 1973, § 23–1322(b)(2)(B)(ii).

6. D.C.Code 1973, § 23–1322(c)(1).

7. D.C.Code 1973, § 23–1322(c)(2).

8. Appellant has raised several constitutional criticisms of D.C.Code 1973, § 23–1322(a)(1) and (a)(2), as well as section 23–1322(a)(3). Because the trial court based its detention order on section 23–1322(a)(3), we need not consider the constitutionality of these other provisions.

9. "Excessive bail shall not be required . . . . ."

not specifically set out a right to bail, appellant relies on dictum in Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951), which indicates that such a right exists. However, the Court in *Stack* was dealing with a statutory right to bail rather than with a constitutional right. Set against the dictum in *Stack* is the dictum in Carlson v. Landon, 342 U.S. 524, 72 S.Ct. 525, 96 L. Ed. 547 (1952).

> The bail clause was lifted with slight changes from the English Bill of Rights Act. In England that clause has never been thought to accord a right to bail in all cases, but merely to provide that bail shall not be excessive in those cases where it is proper to grant bail. When this clause was carried over into our Bill of Rights, nothing was said that indicated any different concept. . . . [*Id.* at 545, 72 S.Ct. at 537; footnotes omitted.]

We are not required, however, to decide this point because even if it is assumed that such a right exists, a trial court is not prevented from acting to protect a witness from threats by a defendant, and thus safeguarding the integrity of its own process. In Carbo v. United States, 82 S.Ct. 662, 7 L.Ed.2d 769 (1962), Justice Douglas denied bond pending appeal where a key government witness had been threatened on numerous occasions. Although the *Carbo* opinion dealt with post-conviction bond, Justice Douglas noted that

> [k]eeping a defendant in custody during trial "to render fruitless" any attempt to interfere with witnesses or jurors . . . may in the extreme or unusual case, justify denial of bail. [82 S.Ct. at 668; citation omitted.]

This reasoning was applied to a pretrial situation in United States v. Gilbert, 138 U.S.App.D.C. 59, 425 F.2d 490 (1969). In *Gilbert,* the court took notice of a defend-

ant's statutory right to bail in noncapital cases, but observed that

> courts have the inherent, power to confine the defendant in order to protect future witnesses at the pretrial stage as well as during trial. . . . [*Id.* at 60–61, 425 F.2d at 491–492.]

■ D.C.Code 1973, § 23–1322(a)(3) was enacted to codify the principles set out in Carbo v. United States, *supra,* and United States v. Gilbert, *supra.*[10] We hold that this provision does embody those principles and therefore falls within an exception of any Eighth Amendment right to bail.

■ Appellant further questions the constitutionality of the pretrial detention statute on due process grounds. He contends that detaining a person without bail before trial abridges the presumption of innocence, and that procedural safeguards are absent in the hearing that is provided for by the statute.

The first of these contentions is completely without merit. The presumption of innocence is the expression of one of the most important principles of Anglo-American criminal law, that the prosecution has the burden of proving the defendant guilty and that the defendant is not required to prove his innocence. The importance of this presumption stems from the fact that in early English law, the accused was required to present evidence to prove his innocence.[11]

The presumption of innocence, however, has never been applied to situations other than the trial itself. To apply it to the pretrial bond situation would make any detention for inability to meet conditions of release unconstitutional. No cases so hold, and the history of criminal jurisprudence in this country and England, where many are held for inability to meet release conditions, reveals the inapplicability of the presumption to pretrial detention.

10. *See* H.R.Rep.No.91–907, 91st Cong., 2d Sess. 92 (1970).

11. *See* Meyer, Constitutionality of Pretrial Detention, 60 Geo.L.J. 1381, 1438 (1972).

■ Appellant contends that he was denied the right to cross-examine the witnesses who alleged that he had threatened them. The Supreme Court of the United States has held that in many situations where a person is threatened with deprivation of his liberty or some other right, the right to confront and cross-examine witnesses is a minimal requirement of due process.[12] Nevertheless, as Chief Justice Burger stated in his majority opinion in Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972) :[13]

> It has been said so often by this Court as not to require citation of authority that due process is flexible and calls for such procedural protections as the particular situation demands. . . .

The provisions of D.C.Code 1973, § 23–1322, allowing the presentation of evidence by proffer are reasonably designed for a fair and efficient determination of whether a defendant should be detained. While we recognize that expediency cannot justify a denial of due process, we hold that section 23–1322 provides a procedure for detention hearings, which satisfies the requirements of fundamental fairness in the context of this type of pretrial detention hearing. It is also noted that in both Carbo v. United States, *supra,* and United States v. Gilbert, *supra,* the courts were willing to base detention on proffers. A defendant has the right under the statute and under the case law to subpoena witnesses to appear in his behalf.[14] Appellant and his counsel were aware of the names of the witnesses who were allegedly threatened. Counsel for the

government had disclosed their identity in his proffer at the May 21 hearing, thereby enabling appellant to subpoena those witnesses for the purpose of cross-examination. The fact that appellant did not know that the government was going to make a motion for pretrial detention at the May 21 hearing did not abridge his right to call them or other witnesses.[15] We note that section 23–1322(c)(3) provides that "[t]he pretrial detention hearing shall be held immediately upon the person being brought before the judicial officer for such hearing unless the person or the United States moves for a continuance." Not only did appellant have the right to ask for a continuance in order to secure witnesses, but the trial judge specifically advised counsel for appellant of such right. As we have previously observed, counsel for appellant did not ask for a continuance.

The United States Supreme Court has twice been faced with challenges to hearings with procedures very similar to the procedure set out in section 23–1322. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (denial of social security benefits) ; Williams v. Zuckert, 371 U.S. 531, 83 S.Ct. 403, 9 L.Ed.2d 486, 372 U.S. 765, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963) (dismissal of government employee). In both of those cases, the challenges were based, *inter alia,* on the lack of a right to cross-examine adverse witnesses. In both cases the evidence presented on behalf of the agency was in the form of written statements by witnesses whose identity the petitioners knew. Fur-

---

12. *E. g.*, Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (revocation of parole) ; Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (termination of welfare benefits) ; Willner v. Committee on Character and Fitness, 373 U.S. 96, 86 S.Ct. 1175, 10 L.Ed.2d 224 (1963) (denial of application to the bar) ; Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959) (loss of federal security clearance).

13. *Accord,* Cafeteria & Restaurant Workers Union v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961) ; Hannah v. Larche,

363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960).

14. D.C.Code 1973, § 23–1322(c)(4) ; Greenwell v. United States, 115 U.S.App.D.C. 44, 317 F.2d 108 (1963).

15. In fact, appellant and his counsel were on notice that pretrial detention might be raised at the May 21 hearing because at the May 17 hearing the trial court asked counsel for the government to investigate the possibility of making such a motion at the May 21 hearing.

thermore, the petitioner in each case had the right to call any of the adverse witnesses for cross-examination. The court in both cases refused to find that the right to cross-examination had been abridged by such procedure.[16] In *Richardson*, as in the present case, the appellant did not take advantage of the opportunity afforded him under the regulations to request subpoenas for the adverse witnesses, and the Court held that he had waived his right to cross-examine them. Likewise, in this case we hold that appellant waived his right to cross-examine the government's witnesses when he neither availed himself of his right to call the witnesses nor asked the court for a continuance in order to secure their presence.

Appellant finally argues that section 23–1322 unconstitutionally denied him due process of law by establishing "clear and convincing" evidence as the standard of proof in detention hearings, rather than a "reasonable doubt" standard.

It is unquestioned that in a criminal trial, a defendant must be proven guilty beyond a reasonable doubt. Outside the context of a criminal trial, however, the standard of proof required by due process is applied in a more flexible manner, by weighing the governmental interest involved against the interest which is curtailed by the government action.[17] A pretrial detention hearing is not a criminal trial, but rather a preliminary matter, and

we must therefore weigh the interests involved in order to determine whether the "clear and convincing" standard in the statute conforms with due process.

Appellant's interest is his liberty, and the importance of a person's liberty in our system of laws cannot be gainsaid. But the deprivation of liberty under the statute cannot extend longer than sixty days. Opposed to appellant's interest is the substantial governmental interest in protecting witnesses and in assuring the integrity of the trial process. We hold that the "clear and convincing" standard is sufficient to protect a defendant's interest at a pretrial detention hearing and that, in view of the serious governmental interest involved, a "reasonable doubt" standard is not required.[18]

We hold, therefore, that appellant was lawfully detained under D.C.Code 1973, § 23–1322(a)(3).

Affirmed.

KELLY, Associate Judge (concurring in the result):

The trial judge specifically ordered appellant detained under D.C.Code 1973, § 23–1322(a)(3). Since the case law supports the rule that upon a proper showing a defendant may be detained pretrial for obstructing justice by threatening prospective witnesses,[1] I concur in the result. The trial judge was unable to make the requisite finding under § 23–1322(b)(2)(C)[2] that

---

16. In both cases the Court was applying a right of cross-examination provided by administrative regulations, and it did not, therefore, deal with the right on a constitutional level. Nevertheless, we find the reasoning in *Richardson* and *Williams* persuasive in the constitutional context as well.

17. Morrissey v. Brewer, *supra*; In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); Woodby v. Immigration and Naturalization Service, 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966).

18. Appellant raised a number of other constitutional arguments in his behalf. We have considered each one and find them to be without merit.

1. Carbo v. United States, 82 S.Ct. 662, 666, 7 L.Ed.2d 769 (1962); United States v. Gilbert, 138 U.S.App.D.C. 59, 425 F.2d 490 (1969).

2. D.C.Code 1973, § 23–1322(b) provides in pertinent part:

No person described in subsection (a) of this section shall be ordered detained unless the judicial officer—

(1) holds a pretrial detention hearing in accordance with the provisions of subsection (c) of this section;

(2) finds—

    *      *      *      *      *

(C) that, *except with respect to a person described in paragraph (3) of subsection (a) of this section,* on the basis of information

there was a "substantial probability that the person committed the offense for which he is present before the judicial officer" in order to base detention upon § 23–1322(a)(1) or § 23–1322(a)(2). In my judgment, therefore, the court need not and should not treat appellant's general constitutional attack on § 23–1322 in its entirety.

presented by proffer or otherwise to the judicial officer there is substantial probability that the person committed the offense for which he is present before the judicial officer; . . . [Emphasis supplied.]