UNITED STATES of America

v.

Melvin McDonald STANFORD, et al.

Crim. No. JH-82-00351.

United States District Court,
D. Maryland.

Sept. 27, 1982.

J. Frederick Motz, U.S. Atty., and James P. Ulwick, Asst. U.S. Atty., Baltimore, Md., for the United States of America.

Harold I. Glaser, Baltimore, Md., for defendant Melvin McDonald Stanford.

## MEMORANDUM AND ORDER

JOSEPH C. HOWARD, District Judge.

This is an appeal from a United States magistrate's opinion ordering that defendant Melvin McDonald Stanford be held pretrial without bail following his arrest and indictment on federal narcotics violations and unlawful possession of food stamp charges (food stamps for heroin conspiracy). The history of this appeal follows.

At Stanford's initial appearance before the magistrate, bail was set at $2,000,000. A motion to reduce bail to $500,000 was subsequently filed and a hearing held at which the government argued for continued detention of the defendant based on its belief that he had ordered the execution of a government witness. The presiding magistrate granted defendant's motion to reduce the amount of bail to $500,000, but indicated to the parties that if the government were to present stronger evidence in support of its representations regarding the existence of a contract to kill, he would reconsider the bail question.

Two days later, at the government's request, the magistrate held a second hearing at which the government argued for the reinstatement of the original bail amount of $2,000,000 or for the detention of defendant without bail.

Among other evidence, the government presented two affidavits which contained information supporting the prosecutor's allegations that Stanford had ordered the letting of a contract to kill a key government witness and/or his family. A copy of one affidavit was given to the defendant and his counsel. The second affidavit was sealed by the Court and reviewed *in camera* by the magistrate. A summary of the sealed affidavit was provided for defendant's counsel, but neither defendant nor his attorney were permitted to review the actual document. Both parties were instructed to research the propriety of the magistrate considering the sealed affidavit *ex parte.*

No cases were found directly on point although the facts of at least one were deemed analogous.

After reviewing all the legal authority presented, the magistrate concluded that he could consider the sealed affidavit. Relying in part on the information set out in the sealed document when read in conjunction with the unsealed affidavit, the magistrate determined that there was probable cause to believe the defendant was a threat to witnesses and ordered him held without bail.

Defendant strongly argues on this appeal that the magistrate erred in considering the sealed affidavit, *ex parte,* because he was deprived of "the opportunity to refute the charges that if released he might threaten or cause to be threatened a potential witness or otherwise unlawfully interfere with the criminal prosecution." *U.S. v. Gilbert,* 425 F.2d 490 (D.C.Cir.1969).

That the court has inherent power to deny pretrial bail when it is necessary to protect witnesses and otherwise preserve the integrity of the judicial process, is not disputed. *Id.* at 491–492; *cf. Carbo v. United States,* 7 L.Ed.2d 769, 82 S.Ct. 662. What is at issue is whether the defendant's due process rights were violated by the *in camera, ex parte,* consideration of the sealed affidavit by the magistrate.

The principal case relied on by the magistrate, as well as the parties in support of their respective positions, was *United States v. Wind,* 527 F.2d 672 (6th Cir.1975).

The facts of *Wind* are very close to those of the instant case. In *Wind,* a magistrate set the defendant's bail at $1,500,000 to give reasonable assurances of the defendant's appearance at trial. An appeal to the district court was taken. In addition to reviewing the evidence presented to the magistrate, the court conducted an *in camera* hearing from which the defendant and his counsel were excluded. At the hearing, the government offered testimony regarding the defendant's dangerous propensities for violence. The court reasoned that the *ex parte* proceeding was necessary to protect

witnesses whom the government alleged were threatened by Wind. Relying at least in part on the *in camera* testimony, the district court found that Wind posed a danger to witnesses and to the community and, accordingly, ordered him held without bail.

The Sixth Circuit vacated the district court order and remanded the case after finding that the lower court erred in relying to any extent on the *in camera* testimony:

> No authority was cited to us by the Government which would support resort to the ex parte in camera practice in this case, and we have found none. In general we disapprove of the practice as being inconsistent with the right to a hearing and the opportunity to refute referred to in *Gilbert.*

*Id.* at 676.

Counsel for defendant argues that *Wind* is directly applicable to the case at bar, and would have us conclude that the review of the sealed affidavit, *ex parte,* deprived Stanford of an opportunity to refute the charges against him.

The Court, however, concurs with the magistrate's conclusion that *Wind* can be distinguished from the instant case. In *Wind,* the defendant was excluded from an evidentiary *hearing* and thus deprived of an opportunity to refute any evidence presented to the district judge, and subsequently relied on by him in reaching his decision to detain Wind. In the case at bar, neither the defendant nor his attorney were similarly excluded from the hearings conducted before the magistrate. There was no *in camera* testimony and all documentary evidence, with the exception of the sealed affidavit, were presented in open court. As to the magistrate's use of the sealed affidavit, the Court finds that any potential, prejudicial effect to the defendant was mitigated by the fact that a summary of the document's contents was provided for the defendant. The summary has been reviewed, and the Court finds that in essential detail it is complete. Absent from the summary, apparently for security reasons, are the name(s) or the person(s) providing the information as well as the date, time and place the statement was made. However, this information goes more to the reliability of the affidavit as an evidentiary device than to the substantialness of the allegations to which the defendant did have an opportunity to respond, albeit through a summary. The magistrate found the affidavit to be reliable and the Court has before it no evidence which would require it to find otherwise.

■ In conclusion, the Court holds that where, as here, a defendant is provided with a summary of a sealed affidavit, the reliability of which is determined as a preliminary matter, and where the summary is found to be accurate and complete in terms of the type of detail necessary to put the defendant on notice as to the nature of the allegations against him, due process is not violated as long as the defendant has the opportunity to refute the allegations. *See United States v. Gilbert, supra.* The Court is satisfied that the defendant in this case has had ample opportunity to rebut evidence before it. The Court does not believe its holding to be inconsistent with the spirit of *Wind.*

■ Still remaining is the issue of whether or not defendant's detention should be continued. In order to detain the defendant, the Court would have to find that the government showed probable cause for believing that its charges were true. After reviewing the tape of the proceedings before the magistrate and considering all the evidence presented at that time as well as the arguments of counsel made to this Court at the bail appeal hearing, the Court finds that the evidence warrants the continued detention of defendant.

The strongest evidence militating against the pretrial release of defendant is the two affidavits. When read together, the documents are highly corroborative evidence of the issuance of a contract to kill a government witness by the defendant. Bearing on the issue of defendant's propensity for violence, is a 1963 conviction for assault with intent to kill and possession of a dead-

ly weapon. Admittedly, this conviction is due some consideration, however, the Court does not believe that a 19-year-old offense committed by defendant when he was 16 years of age, should weigh too heavily in its decision, particularly in light of the absence of any convictions for violent offenses since that time.

Certainly the affidavits should be, and are, accorded great weight by the Court. The seriousness of the allegations supports a characterization of this case as "extreme or unusual" thereby inviting the exercise of the Court's inherent power to detain the defendant. *Carbo v. United States,* 82 S.Ct. 662 at 668. In reaching this decision, the Court has considered the relative efficacy of detaining the defendant when the alleged contract has already been let. There was some argument between counsel as to whether defendant's continued incarceration would make the performance of the alleged contract more, less, or as likely to occur. The answer to this, absent release, would be purely speculative. The Court is not willing to speculate where the life of a witness or his family is concerned. The Court is well aware of the implications of this decision for the defendant should he eventually be acquitted of the charges against him; he will have lost a few months of freedom, without restitution. However, the Court feels that when balancing the defendant's interest against that of preserving the life of the witness and his family, whose interest in this case apparently does not go beyond familial ties, the latter must prevail.

Defendant's counsel raised in his argument before the Court, the concern that the government was acting with "apparent vindictiveness" when it presented the affidavits to the magistrate after the defendant raised the reduced bail of $500,000. Although the Court would be obliged to consider such allegation if substantiated, it finds that defense counsel's contentions lack support in the record.

■ The Court does take pause to consider defense counsel's suggestion that the defendant has been the object of harass-

ment by state and federal law enforcement agents in the past. The Court notes in particular the defendant's long record of arrests for escalating offenses, but very few convictions. In addition, the Court is concerned that a superseding indictment charging defendant with violation of 21 U.S.C. § 848, which the government had suggested might be forthcoming, has yet to materialize. It is the opinion of the Court that neither of these concerns should influence to any great extent its decision to detain the defendant which is based largely on the strength of the information contained in the two affidavits.

The Court finds that if released the defendant may be a danger to witnesses.

Accordingly, it is this 27th day of September, 1982, by the United States District Court for the District of Maryland,

ORDERED, that defendant Melvin McDonald Stanford be continued in detention, without bail.