UNITED STATES of America, Plaintiff,

v.

Kevin LEWIS and Donna Mitchell, Defendants.

Nos. 91–10047–01, 91–10047–02.

United States District Court, D. Kansas.

July 1, 1991.

Lee Thompson, U.S. Atty., D. Blair Watson, Asst. U.S. Atty., Wichita, Kan., for plaintiff.

Michael Roach, Wichita, Kan., for defendant Lewis.

Cyd Gilman, Asst. Federal Public Defender, Wichita, Kan., for defendant Mitchell.

## MEMORANDUM AND ORDER

CROW, District Judge.

On June 7, 1991, Kevin Lewis and Donna Mitchell were charged by information with one count of knowing and intentional unlawful possession with intent to distribute approximately four ounces of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). The affidavit of Officer Pike, attached to the information, indicates that the defendants were arrested on June 6, 1991, in Wichita, Kansas.

This matter comes before the court upon the Government's motion to quash subpoenas and objections to discovery during the defendants' detention hearing. On June 24, 1991, Magistrate Judge Reid conducted a detention hearing pursuant to 18 U.S.C. § 3142. The Government appeals Magistrate Reid's ruling on two motions. In the first motion, Judge Reid denied the Government's motion to quash the defendants' subpoenas for Detective Jeff Pike and Detective Doug Morse. The defendants argued that each of the detective's testimony was relevant to two factors found in 18 U.S.C. § 3142(g): the nature and circumstances of the offense and the weight of the evidence. Mitchell basically contends that she has made, in addition to her admissions, exculpatory statements to the police which indicate that she was not a party to any criminal activities at the time of her arrest. Judge Reid correctly noted that 18 U.S.C. § 3142 allows a defendant to present witnesses. Judge Reid then concluded that he would allow the defendants to ask the detectives questions, but would only allow testimony relevant to the factors to be considered in detaining the defendants.

Second, the defendants requested discovery pursuant to Fed.R.Crim.P. 16. Judge Reid noted that information covered by Rule 16 shall be provided "upon request of a defendant." Judge Reid noted that the information requested by the defendants would be relevant to the factors to be considered by the court in a detention hearing. In the absence of any case law or authority to the contrary, Judge Reid, applying the plain language of Rule 16, ordered the production of Rule 16 materials prior to the detention hearing. Judge Reid, however, denied the production of witnesses statements.

Judge Reid denied the Government's request for a continuance, but did grant a recess. During that recess, the Government filed a motion to stay both orders. After hearing oral arguments, the court granted the Government's motion to stay. The court did not stay the detention hearing. Upon return to the magistrate judge, the defendants requested a continuance until a determination had been made on the Government's appeal.

The Government seeks to quash the subpoenas of the two officers, contending that the defendants are not attempting to prove

the evidence against them is weak, but rather, "that the investigating officers were subpoenaed in an attempt to discover the evidence obtained in the investigation."[1] In its brief, the Government states neither officer would have appeared as Government witnesses and that their testimony would have been adverse to the defendants.

The Government also contends that Judge Reid erred in allowing discovery pursuant to Rule 16. The Government contends that Rule 16 is inapplicable in a detention hearing and by its own terms, Rule 16 does not apply to the statements Mitchell seeks. The Government also contends that Mitchell is not, under *Brady* or due process, entitled to the substance of her statements.

The defendants contend that Judge Reid did not err in denying the Government's motion to quash the subpoenas. The defendants also contend that Rule 16 is applicable in a detention hearing, and that under *Brady* and due process, they are entitled to the substance of both inculpatory and exculpatory statements the Government possesses.

The court, having considered the applicable law, briefs and arguments of counsel, is now prepared to rule.

### The Bail Reform Act of 1984

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, was formulated in response to the perception of "the alarming problem of crimes committed by persons on release." *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2098, 95 L.Ed.2d 697 (1987) (quoting S.Rep. No. 98–225 at 3 (1983)). The Act establishes a procedure by which federal courts determine whether a defendant will be detained or released on bail. 18 U.S.C. § 3142. In some cases, as in the case at bar, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(e); *see United States v.*

*Quartermaine*, 913 F.2d 910 (11th Cir. 1990) (explaining operation of rebuttable presumption).

■ At a detention hearing, the defendant has the right to counsel, the opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise.

■ At a detention hearing, the Government bears the burden of proof. The government must prove risk of flight by a preponderance of the evidence. *Quartermaine*, 913 F.2d 910, 917; *United States v. King*, 849 F.2d 485, 489 (11th Cir.1988); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir.1985). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *King*, 849 F.2d at 485 n. 3; 18 U.S.C. § 3142(f).

In determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of any other person and the community, the judicial officer must consider the factors found in 18 U.S.C. § 3142(g). Those factors are: (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) The weight of the evidence against the person; (3) The history and characteristics of the person; and (4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

### The Subpoenas

The Government contends that the Magistrate Judge erred in failing to quash the subpoenas of the two police officers. The defendants respond that if the subpoenas are quashed, they will be precluded from demonstrating the weakness of the Government's case, a factor the court must consider under 18 U.S.C. § 3142(g). Specifically, Mitchell contends that the only evidence implicating her in the crime (as evidenced by the affidavit) is her purported confes-

---

**1.** During the motion for a stay of Judge Reid's order, the Government basically contended that

utilizing a detention hearing as a means of discovery was the latest strategy of the defense bar.

sion.[2] Without exploring the knowledge of the two officers, she is precluded from demonstrating the nature and circumstances of the offense charged and the weight of the evidence.

Initially, the Government notes that at least one circuit has held that the "weight of the evidence" factor is the least important of the factors the court should consider in determining whether bail is available. *See United States v. Townsend,* 897 F.2d 989, 994 (9th Cir.1990). The Government then notes that a detention hearing is not a vehicle for discovery. The Government notes that a defendant is not entitled to the full panoply of procedural guarantees available at trial. The Government then cites to several cases in which the court of appeals affirmed the district court's decision to preclude the defendant from calling adverse witnesses.

■ The courts appear to unanimously agree that a detention hearing is not a vehicle for discovery. *See United States v. Suppa,* 799 F.2d 115, 120 (3d Cir.1986); *United States v. Acevedo–Ramos,* 755 F.2d 203, 207–08 (1st Cir.1985); *United States v. Hazzard,* 598 F.Supp. 1442, 1453 (N.D.Ill. 1984); *United States v. Gatto,* 729 F.Supp. 1478, 1481 (D.N.J.1989); *United States v. Aleman,* 1990 WL 43516, 1990 U.S. Dist. Lexis 3745 (N.D.Ill.1990). Neither the statute nor the legislative history indicates otherwise. *Suppa,* 799 F.2d at 120. *See also United States v. Martir,* 782 F.2d 1141, 1145 (2nd Cir.1986) (Congress did not intend detention hearing to resemble mini-trials); *United States v. Delker,* 757 F.2d 1390, 1396 (3rd Cir.1985); *United States v. Davis,* 1991 WL 105402, 1991 U.S. Dist. Lexis 8069 (D.Kan.1991) (bond hearing is not appropriate time to try the merits of the government's case against the defendant).

■ In regard to the subpoenas, the court concludes that under the Act the judicial officer conducting the detention hearing is given considerable discretion regarding the presentation of evidence. *See*

*Martir,* 782 F.2d at 1145 (Bail Reform Act gives court considerable discretion regarding methods of presentation of evidence); *Delker,* 757 F.2d at 1396. The Act provides for the presentation of evidence by "proffer or otherwise."

In *Acevedo–Ramos,* the First Circuit commented:

[T]he magistrate or judge possesses adequate power to reconcile the competing demands of speed and of reliability, by selectively insisting upon the production of the underlying evidence or evidentiary sources where their accuracy is in question. Through sensible exercise of this power of selection, the judicial office can make meaningful defendant's right to cross-examine without unnecessarily transforming the bail hearing into a full-fledged trial or defendant's discovery expedition. In fact, even in an unusual case, where the government provides strong special reasons for keeping its evidentiary sources confidential (e.g., protecting witness safety), the magistrate or judge, upon defendant's request, can still test the veracity of the government's testimony and the quality of the underlying evidence, by, for example, listening to tapes or reading documents *in camera. Cf. United States v. Stanford,* 551 F.Supp. 209, 210–11 (D.Md.1982) (upholding bail hearing *in camera* inspection requested by *government* over defendant's opposition).

Finally, this interpretation of congressional intent is confirmed by the fact that Congress, in designing the new statute, relied heavily upon a similar statute in effect in the District of Columbia and upon the case of *United States v. Edwards,* [430 A.2d 1321 (D.C.App.1981)] *supra,* in which the District of Columbia Court of Appeals upheld the statute. *See* S. Rep., *supra* at 7–10, 22. When enacting the earlier statute, the House Judiciary Committee stated that

as is the present practice under the Bail Reform Act, ... the use of sworn

---

**2.** The court notes that Mitchell's alleged admissions are not the *only* evidence implicating her in the alleged crime. The affidavit indicates

that Mitchell was in the car at the time of the transfer of drugs.

testimony will be the exception and not the rule. . . . [B]ail hearings under the Bail Reform Act, which frequently result in detention of the accused, proceed primarily by way of proffers. They are not formal trials requiring strict adherence to technical rules of evidence. *If the court is dissatisfied with the nature of the proffer, it can always, within its discretion, insist on direct testimony.* But the discretion should be left to the court without imposing on it the burden of limiting admissibility to that it would permit a jury to hear.

H.R.Rep. No. 907, 91st Cong., 2d Sess. 182, 184 (1970) (emphasis added).

755 F.2d at 207–208. *See Delker,* 757 F.2d at 1395.

In *U.S. v. Accetturo,* 783 F.2d 382 (3rd Cir.1986) the defendants wished to compel the presence of Joseph Alonzo for cross-examination at a pretrial detention hearing. Alonzo was apparently the government's primary source of information concerning the Accetturo organization. The defendants proffered that Alonzo had a lengthy criminal history and was a drug addict. The district court denied the defendants' request to compel Alonzo's presence.

In affirming the district court, the Third Circuit commented:

We are not prepared to find an abuse of discretion in the district court's decision not to compel the appearance of Alonzo. There was no reason to believe Alonzo would give evidence favorable to appellants or would retract information harmful to them. Appellants wished his presence only because they hoped visual observation of Alonzo would enhance their other evidence tending to show his unreliability. While the appellants' desire to have Alonzo present is understandable, the trial judge was faced with the necessity of hearing a vast amount of evidence under exigent circumstances and his decision to deny appellants' request was well within the permissible range.

At the same time we note that, given the importance of this witness, the fact that appellants had tendered specific evidence tending to show unreliability, the prospect of appellants' lengthy detention, and the fact that Alonzo was both already known to appellants and in protective custody, this was the kind of situation in which a judicial officer should be sensitive to the fact that Congress' authorization of hearsay evidence does not represent a determination that such evidence is always appropriate. Nor does it relieve the judicial officer of his duty to require more when tendered hearsay evidence does not rise to the required level of reliability.

783 F.2d at 388–389.

■ While the judicial officer has wide discretion in conducting a detention hearing, the court suggests the following as a general framework for the conduct of a detention hearing. First, the Government, which bears the burden of proof, should present evidence by proffer. The defendant may then present evidence by proffer. If the judicial officer determines that evidence is necessary to satisfy the applicable burden of proof (or is otherwise dissatisfied with the proffer), he may, in his discretion, insist on such testimony. This approach is consistent with the approach taken by Judge Theis in *Davis. See United States v. Winsor,* 785 F.2d 755 (9th Cir.1986).

■ The Government's request to quash the subpoenas is granted, subject to the Magistrate Judge's discretion as to whether the officers' testimony or other evidence is necessary for the determination of the issues before him.

### Rule 16

The defendants contend, and the magistrate judge held, that Rule 16 applies in detention hearings. In making this determination, the Magistrate Judge relied primarily on the language of Rule 16 that the information covered by the Rule shall be provided "upon request of a defendant." Thus, Judge Reid required the Government to furnish the Rule 16 materials requested by the defendants (specifically, the statements of the defendants). The Government contends that because a detention

hearing should not serve as a vehicle for discovery, the defendants should not be allowed to utilize Rule 16 as a means to circumvent the accepted practice. The Government notes that discovery under Rule 16 usually arises after the indictment; in this case only an information has been filed.

Fed.R.Crim.P. 16 provides in pertinent part:

(a) Disclosure of Evidence by the Government.

(1) Information Subject to Disclosure.

(A) Statement of Defendant. Upon request of a defendant the government shall permit the defendant to inspect and copy or photograph: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent:

The court notes that the Rule does not specify time frames. Rule 16 appears to be designed to provide discovery in preparation of trial (and to help make an informed decision whether to plea). *See Notes of Advisory Committee.* However, by the terms of Rule 54, the Rules appear to apply to a detention hearing. Fed. R.Crim.P. 54(a) provides in pertinent part: "These rules [Federal Rules of Criminal Procedure] apply to all criminal proceedings in the United States District Courts...." None of the exceptions found in Rule 54(b)(5) include detention hearings, indicating that the Federal Rules of Criminal Procedure do apply in detention hearings.[3] In contrast, the Federal Rules of Evidence specifically exclude detention

hearings. Fed.R.Evid. 1101(d)(3). The inference to be drawn is that the Federal Rules of Criminal Procedure apply to detention hearings.

This, however, does not end the court's inquiry. In the 1966 amendments to Rule 16, subsection (f) provided that "a motion under this rule may be made only within 10 days after arraignment or at such reasonable later time as the court may permit." In 1975, section (f) was deleted. The 1974 Notes of the Advisory Committee on Rules state:

Old subdivision (f) of rule 16 dealing with time of motions is dropped because rule 12(c) provides the judge with authority to set the time for the making of pretrial motion including requests for discovery....

Fed.R.Crim.P. 12 provides in pertinent part:

(b) Pretrial Motions. Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial:

. . . . .

(4) Requests for discovery under Rule 16; or

. . . . .

(c) Motion Date. Unless otherwise provided by local rule, the court may, at the time of the arraignment or as soon thereafter as practicable, set a time for the making of pretrial motions or requests and, if required, a later date of hearing.

The 1974 Notes of Advisory Committee on Rules states:

The rule provides that the motion date be set at "the arraignment or as soon thereafter as practicable." This is the practice in some federal courts including those using the omnibus hearing.

---

**3.** The defendants have taken this proposition from an unpublished case, *United States v. Gaitan,* Crim. No. SA–88–CR–254 (D.W.TX, November 18, 1988). A copy of that opinion was provided to the court and to the Government. The court was unable to locate the case on either Westlaw or Lexis, nor any subsequent history of that case.

This history, coupled with the language of Rule 12(c), is an indication that the drafters contemplated that discovery would occur after arraignment. However, the language of the statute also indicates that the time for discovery may be modified by local rule.

In *Hazzard*, 598 F.Supp. at 1453, a case cited by the Government, the defendant contended that he was entitled to prehearing discovery of all evidence concerning lineups, photographic identifications, the statements of all witnesses, fingerprints and documents, as well as the identity of confidential informants. The defendant in that case, however, did not argue that the discovery sought was appropriate under the Jencks Act or Rule 16.

After reviewing the legislative history of the Act (and the District of Columbia detention statute), the court concluded that the Act does not provide for discovery. "Moreover, there is no precedent for discovery prior to bail hearings." *Id.*

■ The court concludes that in some limited instances, the magistrate judge may, in the exercise of his discretion, order pre-arraignment discovery pursuant to Rule 16. If, after hearing the proffer of evidence by the parties, the judicial officer determines that evidence is necessary to satisfy the burden of proof (or is otherwise dissatisfied with the proffer), he may, in his discretion, order discovery pursuant to Rule 16 which is relevant to the issues presented by the detention hearing.

The Government's motion to overrule the magistrate judge's order granting discovery pursuant to Rule 16 is granted. On remand, if the magistrate judge determines that the discovery pursuant to Rule 16 is appropriate, the Government shall furnish the Rule 16 materials. In this context, the court directs the parties' attention to *United States v. Mitchell*, 613 F.2d 779 (10th Cir.), *cert. denied*, 445 U.S. 919, 100 S.Ct. 1283, 63 L.Ed.2d 604 (1980).

### Due Process and *Brady*

■ Pretrial detention of any person necessarily implicates a significant liberty interest. "[T]he right of an accused person

to bail, while critically important, *Stack v. Boyle*, 342 U.S. 1, 4, 72 S.Ct. 1, 3, 96 L.Ed. 3 (1951), is not absolute." *Acevedo-Ramos*, 755 F.2d at 206. Society also has a significant interest in assuring the presence of individuals charged with the commission of crimes. The Act specifically recognizes the danger an individual on bail may pose to the community. Moreover, the liberty interest implicated in a detention hearing is not as great as in a trial. At trial, the rules of evidence apply and the burden of proof is greater. Significantly, a defendant is entitled to an unlimited number of detention hearings if based on new information, subject to *de novo* review. Nevertheless, a defendant is entitled to due process in each stage of a criminal proceeding.

A brief discussion of *Brady* and discovery in criminal cases appears warranted. In *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed.2d 215 (1963), the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

■ There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one. *Pennsylvania v. Ritchie*, 480 U.S. 39, 59-60, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). *Brady* is not a discovery rule. *United States v. Winner*, 641 F.2d 825, 833 (10th Cir.1981). *Brady* is a rule of fairness and minimum prosecutorial obligation. *Id.*

■ To establish a due process violation under *Brady*, the defendant must show that: (1) The prosecution suppressed evidence; (2) The evidence suppressed was favorable to the defendant or exculpatory; and (3) The evidence suppressed was material to the issues at trial. *Stano v. Dugger*, 883 F.2d 900, 905 (11th Cir.1989). *In United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), the Supreme Court defined the standard of materiality necessary to show a *Brady* violation. "The evidence is material only if there is a rea-

sonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.* at 682, 105 S.Ct. at 3383. *See United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).[4]

■ The court concludes that in some instances, irrespective of Rule 16, a defendant may have a due process right to the substance of her statements.[5] As outlined above, if the magistrate judge is not satisfied with the proffer of evidence, due process and fundamental fairness require the full disclosure of the substance of her statements.[6]

In resolving the issues presented by this case, the court has endeavored to balance two competing considerations: (1) The liberty interest and due process rights of the defendants; (2) The burden placed upon the Government by allowing discovery prior to and during a detention hearing. *See Gatto,* 729 F.Supp. at 1481. ("In sum, the court must balance the defendants' rights to exculpatory materials against the prohibition of full scale discovery at the pretrial detention stage.").

IT IS THEREFORE ORDERED that the Government's motion to quash the subpoenas is granted, subject to the Magistrate Judge's discretion as to whether testimony or other evidence is necessary for the determination of the issues before him.

IT IS FURTHER ORDERED that the Government's objections to discovery pursuant to Rule 16 are granted, subject to the Magistrate Judge's discretion as to whether production under Rule 16 is necessary for the determination of the issues before him.

4. While *Brady* arose in a trial setting, the court is not persuaded that those concepts are wholly inapplicable to a pretrial detention hearing. *See Aleman,* 1990 U.S. Dist. Lexis 3745.

5. In the Government's brief, the Government states that the substance of Mitchell's statements appears in Officer Pike's affidavit. The affidavit states:

This matter is remanded to the Magistrate Judge.

7. Donna Mitchell, after being advised of her Miranda rights, stated she along with Kevin Lewis went to the bus station to pick up Jeff Washington, knowing he, Jeff Washington, had 4 ounces of crack cocaine to be delivered to Kevin Lewis.

6. Moreover, the court would always have the power to inquire into the facts supporting the affidavit.