**Bobby E. HAZEL, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 84–1216.**

District of Columbia Court of Appeals.

Argued Oct. 5, 1984.

Decided Oct. 5, 1984.

---

Before MACK, NEWMAN, and TERRY, Associate Judges.

NEWMAN, Associate Judge:

The issue presented on this appeal is whether the Superior Court has authority to detain a defendant pretrial without bond other than as provided by statute. We hold that it does not and thus reverse the order appealed.[*]

Hazel was presented in the Superior Court on June 9, 1983, on a complaint charging assault with a dangerous weapon. He was held without bond pending a pretrial detention hearing. Following the hearing on June 13, a Commissioner found that there was a substantial probability that Hazel committed a crime of violence while on parole from a conviction of another crime of violence. *See* D.C.Code § 23–1322(a)(2)(ii) (1981). Based on that finding, a Superior Court Judge ordered Hazel held pretrial without bond. At a subsequent hearing, Hazel's motion for reconsideration was denied. On August 2, pursuant to D.C.Code § 23–1322(d)(4), the government moved for a thirty-day extension of the pretrial detention order, which was granted. A seven-count indictment was returned on August 17, upon which Hazel was arraigned on August 27. On August 28, complaining that the addition of new charges rendered him unable to proceed to trial within the ninety-day limit set by D.C. Code § 23–1322(d)(4), Hazel moved to vacate the pretrial detention order and to be evaluated for release pursuant to D.C.Code § 23–1321. A hearing was held on this motion on September 5. During this hearing, Hazel asserted that he was ready to go to trial on the charges of which he had notice prior to the arraignment on August 27; that he was unprepared to go to trial on the charges of which he had no notice prior to arraignment; that he could not properly be forced to choose between his

Arthur M. Reynolds, Jr., Washington, D.C., for appellant.

Kenneth J. Melilli, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Judith Hetherton, and G. William Currier, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

---

[*] We entered an order deciding this appeal on October 5, the date of oral argument, with opinion to follow.

right to be considered for release under D.C.Code § 23–1321 (a statute implementing the Eighth Amendment protections concerning bail) and his Fifth and Sixth Amendment rights to due process and effective assistance of counsel (*i.e.*, sufficient time to prepare for trial). He declined the court's repeated attempts to induce him to request a continuance and proposed either that the pretrial detention order be vacated or that the counts of the indictment be severed and trial proceed within the ninety-day limit set by D.C.Code § 23–1322(d)(4). Holding that it had inherent authority to order pretrial detention, the trial court extended the detention and set a trial date. After further proceedings not relevant here, Hazel noted this appeal.

The government first argues that the record demonstrates that Hazel requested a continuance and thus the time constraints imposed by the statute on pretrial detention had not expired. We reject this contention, for the record makes abundantly clear that Hazel repeatedly declined to make such a request, as in our view, given the facts of record, he had a right to decline to do.

The government's principal argument is that where necessary to protect witnesses, the trial court has inherent authority to detain a defendant pretrial without bond. The trial court so ruled, relying on *Carbo v. United States*, 82 S.Ct. 662, 7 L.Ed.2d 769 (1962) (Justice Douglas, in chambers), and *United States v. Gilbert*, 138 U.S.App. D.C. 59, 425 F.2d 490 (1969). The government relies on the same cases on this appeal.

■ Whatever may have been the inherent authority of the trial court under *Carbo* and *Gilbert*, it was superseded by the statutory authority vested in the court by Congress when it enacted D.C.Code § 23–1322 in 1970. When the legislature acts in an area in which it is competent to act, *see United States v. Edwards*, 430 A.2d 1321 (D.C.1981) (en banc), *cert. denied*, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982), such enactment limits the authority of the court. *In re Colson*, 412 A.2d 1160, 1163–68 (D.C.1979) (en banc). The *Carbo* standards for detention have been incorporated into D.C.Code § 23–1322(a)(3), but the *Carbo* "inherent authority" no longer exists because the court now has authority under section 23–1322 to detain a defendant, and that statute is the exclusive source of the court's power to order pretrial detention.

■ The statute, moreover, imposes limitations on the exercise of that power. For example, it requires a hearing, with certain procedural safeguards, before detention may be ordered (subsections (b) and (c)), and it sets a time limit within which the trial of the detained person must begin (subsection (d)). Once a defendant has been ordered detained, as appellant was on June 13, the clock starts running, and with certain exceptions (*see* D.C.Code § 22–1322(d)(2)) he must be either tried or granted conditions of release within a maximum of ninety days. The later addition of new charges, even though they may be very serious, as they are in this case (the August 17 indictment included new charges of bribery and obstruction of justice), cannot toll the maximum detention period or start it running again. When the ninety days expired and appellant's trial had not begun, he had a right to have conditions of release set like any other defendant awaiting trial.

■ Thus we hold that the trial court was without authority, other than that provided by statute, to order pretrial detention. The order extending appellant's detention beyond the ninetieth day is reversed, and this case is remanded with the directions to determine appropriate conditions of release pursuant to D.C.Code § 23–1321 (1981).

*Reversed and remanded.*