Charles D. MACK, Appellant,

v.

UNITED STATES, Appellee.

No. 92–CF–1456.

District of Columbia Court of Appeals.

Argued Jan. 11, 1994.
Decided Feb. 3, 1994.

Kirk A. Sheppard, for appellant.

Clendon H. Lee, Jr., Asst. U.S. Atty., with whom J. Ramsey Johnson, U.S. Atty., at the time the brief was filed, and John R. Fisher, Thomas C. Black, and John Cox, Asst. U.S. Attys., were on brief, for appellee.

Before FERREN and SCHWELB, Associate Judges, and PRYOR, Senior Judge.

SCHWELB, Associate Judge:

Charles D. Mack was convicted by a jury of distribution of cocaine, in violation of D.C.Code § 33–541(a)(1) (1989). On appeal, he contends that the motions judge committed reversible error by refusing to dismiss the indictment against him, and by instead granting the government a one-day continuance on the 99th day of his pretrial detention. Mack further contends that the trial judge committed reversible error by also refusing to dismiss the superseding indictment on the 100th day after Mack was initially detained, and by allowing the trial to begin on the 104th day of his pretrial detention, contrary

to D.C.Code § 23–1322(h) (1992). Because the proper remedy for these alleged errors would be reconsideration of Mack's pretrial detention status, rather than dismissal of the indictment, we affirm.

## I.

Mack was arrested on May 27, 1992, and charged with distribution of heroin, in violation of D.C.Code § 33–541(a)(1) (1989). Following a pretrial detention hearing, Mack was detained without bond pending trial, pursuant to D.C.Code § 23–1322(b) (1992).[1] Under the provisions of the Bail Reform Act of 1992, a person so detained must be indicted within 90 days, and tried within 100 days, of the initial detention. *Id.* § 23–1322(h). On June 17, 1992, the 21st day of detention, a grand jury indicted Mack on the heroin charge.

Trial was set for September 3, 1992, the 99th day of Mack's detention. When the motions judge called the case for trial on that date, Mack's attorney stated that he was ready to proceed. The prosecutor, however, requested a one-day continuance because he had discovered that the DEA's chemical analysis of the contraband allegedly distributed by Mack established that the substance in question was cocaine, rather than heroin, as alleged in the original indictment. Mack's counsel objected and asked the court, instead, to dismiss the indictment for want of prosecution. The judge denied the motion to dismiss and granted the government's request for a continuance. The judge informed the prosecutor, however, that she would dismiss the charges, presumably for want of prosecution, if a new indictment was not returned immediately.

The prosecutor proceeded with dispatch and, later in the day, the grand jury indicted Mack on one count of distribution of cocaine. *See* D.C.Code § 33–541(a)(1) (1989). On the following day (Friday, September 4, 1992) Mack was arraigned on the new charge, and the original indictment was dismissed. Mack renewed his objection to the return of a superseding indictment and demanded an immediate jury trial. The motions judge in-

---

1. Mack does not challenge this determination on    appeal.

formed counsel, however, that the prospects for finding an available trial judge on that day—the 100th day of Mack's detention—were "less than likely." Faced with this reality, Mack's attorney agreed to a trial date of Tuesday, September 8, 1993, provided that the record reflected that no judge was available on September 4, 1992.[2] The judge agreed that the record would so indicate.

When the parties appeared for trial on September 8, 1992, Mack renewed his motion "to dismiss or in the alternative, for personal recognizance because [he] was being held past the one-hundred-day mark and the government was not in actuality ready when the trial was set on the original trial date." The trial judge noted that the motions judge had previously ruled on the issue. Treating Mack's contention as a motion for reconsideration, the judge denied relief and trial commenced. On September 10, 1992, the jury found Mack guilty beyond a reasonable doubt.

On September 21, 1992, Mack filed a motion for arrest of judgment pursuant to Super.Ct.Crim.R. 34, alleging that the court had lacked jurisdiction to try him because the trial had not commenced within 100 days of his initial detention, as required by D.C.Code § 23–1322(h). On October 16, 1992, the trial judge denied this motion by written order. The judge found that good cause had existed to continue Mack's pretrial detention and that, in any event, Mack had waived his claim by "agreeing" to go to trial on September 8, 1992. The judge also noted that Mack had failed to identify any prejudice resulting from the one-day continuance or from the filing of the superseding indictment. This appeal followed.

## II.

▮ Section § 23–1322(h) provides that [t]he case of the person detained pursuant to subsection (b) of this section shall be placed on an expedited calendar and, consistent with the sound administration of justice, the person shall be indicted before the expiration of 90 days, and shall have trial of the case commence before the expiration of 100 days. However, the person may be detained for an additional period not to exceed 20 days from the date of the expiration of the 100–day period on the basis of a petition submitted by the attorney for the government and approved by the judicial officer. The additional period of detention may be granted only on the basis of good cause shown and shall be granted only for the additional time required to prepare for the expedited trial of the person. For the purposes of determining the maximum period of detention under this section, the period shall not exceed 120 days.

Mack does not deny that he was initially indicted within 90 days of his arrest, as required by the foregoing provision. He contends, however, that the indictment under which he was tried and convicted was returned on the 100th day of detention, that this was too late, and that the superseding indictment should therefore have been dismissed. Even if we were to assume that the motions judge abused her discretion in granting the one-day continuance and in permitting the prosecutor to seek an immediate superseding indictment, however,[3] dismissal of the charges would have been altogether inappropriate. Section 23–1322(h) is part of a remedial preventive detention regime, and the proper remedy for non-compliance with the protections included in the statutory scheme is to reconsider the defendant's detention without bond, not to terminate the prosecution.

Section 23–1322(h)(2) explicitly provides that where a defendant has been detained for a period in excess of that authorized by the statute, he "shall be treated in accordance with § 23–1321(a) unless the trial is in progress, has been delayed by the timely filing of motions excluding motions for continuance, or has been delayed at the request of the

---

**2.** The court was closed on Monday, September 7, 1993, in observance of Labor Day.

**3.** The judge has broad discretion in granting or denying a request for a continuance. *Edelen v. United States*, 627 A.2d 968, 972 (D.C.1993). To

establish abuse of that discretion, the defendant must, at the minimum, make some showing of prejudice. We agree with the court below that no prejudice was shown.

defendant."[4] Section 23–1321(a) delineates various conditions of release which may be imposed, including, among other alternatives, release on personal recognizance or imposition of bail. The appropriate remedy for a violation of § 23–1322(h) is thus specified in the statute, and is directed to the defendant's detention status rather than to the termination of the prosecution.

■■■ In interpreting a statute, we look first to the meaning of the words used by the legislature as understood by common or contextual usage. *United States v. Bailey*, 495 A.2d 756, 760 (D.C.1985). If the words of a statute are clear and unambiguous, our task is ordinarily at an end.[5] Where, as here, the legislature has specified the relief which is appropriate to redress a violation, courts are not authorized to devise different (and in this case far more drastic) remedies; *expressio unius est exclusio alterius*.[6] *Cf. J. Parreco & Son v. District of Columbia Rental Hous. Comm'n*, 567 A.2d 43, 46–47 (D.C.1989) (articulating "plain meaning" rule and applying the quoted Latin maxim); *see also In re Colson*, 412 A.2d 1160, 1163–64 (D.C.1979) (en banc) (holding that where Congress has designated disbarment as the appropriate sanction for attorney misconduct involving moral turpitude, this court may not order lesser discipline). But even if we were inclined to go beyond the statute's plain meaning—which we are not—Mack has presented nothing in the structure of § 23–1322(h) or in its legislative history to support the notion that dismissal of his indictment would be an appropriate remedy.

Mack's reliance on *Hazel v. United States*, 483 A.2d 1157 (D.C.1984) is misplaced. Hazel ·had been preventively detained for 60 days pursuant to the provisions of § 23–1322 as that statute read prior to its 1992 amendment. During the 60–day period, the prose-cutor requested, and the court granted, a 30–day extension. Prior to the expiration of the extended detention period, the grand jury returned a superseding indictment which contained new and additional charges. Hazel claimed that he was prepared for trial on the original charges, but not on the new ones. He demanded either that he be tried on the original indictment or that his detention without bond be terminated. The trial court ordered his continued detention pending trial on the new indictment, claiming the inherent authority to extend a preventive detention order under these circumstances. Hazel appealed, and this court reversed the detention order and directed the trial court to impose conditions of release pursuant to D.C.Code § 23–1321 (1981). *Id.* at 1158–59. Unlike Mack, Hazel did not seek dismissal of the indictment, but correctly focused his appeal upon his detention status. The decision in *Hazel* is thus consistent with our view that imposition of conditions of release, and not dismissal of the indictment, is the appropriate remedy.

### III.

The foregoing analysis also disposes of Mack's second claim, namely, that the postponement of the beginning of his trial over the Labor Day weekend, which resulted in its commencement on the 104th day of his detention—four days beyond the period prescribed by statute—requires dismissal of the indictment with prejudice. Such dismissal, as we have noted, is not an appropriate remedy for alleged violations of § 23–1322(h).

■■■ Mack contends that the requirement in the statute that trial begin within 100 days of the defendant's initial detention is an analogue to the federal Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* We do not agree.[7]

---

4. The same remedy existed under the previous version of the detention statute, which permitted a maximum detention of 60 days. *See* D.C.Code § 23–1322(d)(2)(A) (1989).

5. Generally, "[w]hen the words of a statute are unambiguous, then, this first [plain meaning] canon is also the last; judicial inquiry is complete." *Connecticut Nat'l Bank v. Germain*, — U.S. —, —, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) (internal quotation marks omitted).

6. Loosely translated, this maxim means here that the legislative expression or inclusion or articulation of one [remedy] implies the intent to exclude others.

7. The District has no statutory speedy trial provision. *See Lemon v. United States*, 564 A.2d 1368, 1376–79 & n. 20 (D.C.1989) (discussing some

Pretrial detention is regulatory rather than penal in nature. *United States v. Edwards,* 430 A.2d 1321, 1332 (D.C.1981) (en banc), *cert. denied,* 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982). It is designed "to prevent flight [by the defendant] or to prevent the coercion or intimidation of witnesses," and to protect the safety of the community. *Id.,* 430 A.2d at 1332–33. Thus, the carefully circumscribed limitations on the length of pretrial detention were designed to ensure that a remedial measure is not converted into a punitive one. *Id.; cf.* D.C.Code § 23–1322(i) (Supp.1993) (pretrial confinement pursuant to the preventive detention statute does not affect the presumption of innocence). The 100–day restriction on pretrial detention does not protect a defendant's right to a speedy trial pursuant to the Sixth Amendment; rather, it vindicates his Eighth Amendment right to bail. *See Hazel, supra,* 483 A.2d at 1159.

Moreover, the analogous federal statute, which also requires an expedited trial for a preventively detained defendant, specifies that a failure to comply with its provisions must be remedied by review of the accused's detention status, not by dismissal of the indictment. 18 U.S.C. § 3164(c) provides that

[f]ailure to commence trial of a detainee shall ... result in the automatic review by the court of the conditions of release. No detainee ... shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial.[8]

Under the provisions of § 3164(c), release of the defendant from [pretrial detention] is the remedy and *"nothing more* is required"; the government's right to proceed with the trial

is not affected. *United States v. Krohn,* 560 F.2d 293, 295 (7th Cir.) (emphasis in original), *cert. denied,* 434 U.S. 895, 98 S.Ct. 275, 54 L.Ed.2d 182 (1977);[9] *see also United States v. Tirasso,* 532 F.2d 1298, 1300 (9th Cir.1976). Here, as in *United States v. Diaz–Alvarado,* 587 F.2d 1002 (9th Cir.), *cert. denied,* 440 U.S. 927, 99 S.Ct. 1261, 59 L.Ed.2d 482 (1978),

the only remedy in this situation was pretrial release from custody and this is no longer available to appellants. Violation of § 3164 cannot support reversal of their convictions or dismissal of the indictment as the appellants now seek.

*Id.,* 587 F.2d at 1004 (citations omitted). The same reasoning applies here.

### IV.

For the foregoing reasons, Mack's conviction is hereby

*Affirmed.*[10]

---

differences between statutory protection under federal law and constitutional protection in this jurisdiction). If we were to treat § 23–1322(h) as a speedy trial provision, as Mack suggests, then pretrial detainees (but no one else) could claim this kind of statutory protection, up to and including dismissal with prejudice.

8. Where the Speedy Trial Act is violated, on the other hand, dismissal of the indictment is the proper remedy. *United States v. Gilliss,* 645 F.2d 1269, 1274 (8th Cir.1981).

9. The defendants in *Krohn* never asked the trial court to set them free pending trial; instead, they

sought dismissal of the indictment just as Mack did here. The court held that the trial court "properly denied the motion, for such relief is not available." *Id.,* 560 F.2d at 295–96.

10. In light of our disposition, we need not address the government's contention that Mack's attorney consented to the postponement of the trial over the Labor Day weekend and thus waived any objection based on the requirements of § 23–1322(h). We note, however, that from a realistic perspective, counsel had little, if any choice, because apparently no judges were expected to be available on the 100th day.