Joshua BEST, Appellant,

v.

UNITED STATES, Appellee.

No. 94–CO–1333.

District of Columbia Court of Appeals.

Oct. 21, 1994.

Opinion Filed Dec. 29, 1994.*

James Klein, Public Defender Service, with whom Claudia Crichlow, Samia Fam and Blaise Supler, Public Defender Service, were on the motion, for appellant.

John R. Fisher, Asst. U.S. Atty., with whom Eric H. Holder, Jr., U.S. Atty., was on the motion, for appellee.

Before TERRY, SCHWELB, and KING, Associate Judges, in chambers.

PER CURIAM:

The Bail Reform Emergency Amendment Act of 1992 [1] ("Act") provides, in D.C.Code § 23–1322(h) (1994 Supp.), that a person detained pursuant to its provisions must be indicted within 90 days, and tried within 100 days of the initial detention. The issue presented in this appeal is whether the Superior Court, in the absence of an application by the government for good cause shown, and where no statutory exception applies, can detain a defendant beyond the time allowed by the Act. We conclude that it cannot, and therefore hold that under those circumstances a defendant may not be detained without conditions of release beyond 100 days.

**I.**

Best was presented along with a co-defendant [2] in the Superior Court on July 12, 1994, on a complaint alleging two counts of armed robbery,[3] one count of unauthorized use of a

* Appellant's Motion for Summary Reversal was granted, and appellee's Cross-motion for Summary Affirmance was denied, by order on October 21, 1994. The purpose of this opinion is to set forth the reasons for the court's actions with respect to those motions.

1. See D.C.Act 9–166, 39 D.C.Reg. 1618 (1992) (codified as D.C.Code §§ 23–1321, –1322,

–1323(c) and (d), –1324(a), and –1325(a) (1994 Supp.)).

2. Appellant's co-defendant is not a party to this appeal.

3. D.C.Code §§ 22–2901, –3202 (1989 & 1994 Supp.).

vehicle,[4] and one count of receiving stolen property.[5] He was held without bond pending a pretrial detention hearing. At the hearing on July 15, the trial judge granted the government's motion for pretrial detention pursuant to D.C.Code § 23–1322(b)(1)(A) (1994 Supp.).[6] On August 10 indictments were filed against the defendants, and on August 18 they entered pleas of not guilty. Trial was scheduled for October 12, 1994.

On October 12 the government announced that it was ready for trial, but because counsel for the co-defendant, who was engaged in another trial, could not proceed, the case was continued to October 19. When the parties appeared for trial on that date, the trial judge indicated that he was in trial in another case and therefore unavailable. As a result, the trial date was continued to October 20, the 100th day of Best's detention. *See* D.C.Code § 23–1322(h) (1994 Supp.).[7]

On October 20, the trial judge, after informing the parties that his other trial was still in progress, continued Best's trial until October 24. The judge also extended Best's pretrial detention until the new trial date, ruling that it was within his discretion to do

so. Best, however, argued that the trial court had no authority to continue his detention *sua sponte* under D.C.Code § 23–1322(h). He asserted that the 100–day detention could be extended by 20 days only upon application by the government, and for good cause shown that an extension was needed for the government to prepare for trial. Specifically, Best claimed that the trial court had no authority to detain him for an additional four days based on the unavailability of the trial judge or because of court congestion. He then requested that conditions of release be imposed pursuant to D.C.Code § 23–1321 because his trial had not commenced within 100 days as required by D.C.Code § 23–1322(h). The trial court denied Best's request.

Best noted this appeal on October 21, 1994, and moved for summary reversal of the trial court's order. The government filed an opposition to appellant's motion for summary reversal and a cross-motion for summary affirmance. On that same date we entered a judgment granting the motion for summary reversal and denying appellee's cross-motion for summary affirmance for the reasons set forth below.

4. D.C.Code §§ 22–3815 (1989).

5. D.C.Code § 22–3832(a) and (c)(1) (1989).

6. D.C.Code § 23–1322(b)(1) provides:
    The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in § 23–1321(c) will reasonably assure the appearance of the person as required and the safety of any other person and the community, upon oral motion of the attorney for the government, in a case that involves:
    (A) A crime of violence, or a dangerous crime, as these terms are defined in § 23–1331;
    (B) An offense under section 502 of the District of Columbia Theft and White Collar Crimes Act of 1982 ... and
    (C) A serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror.

7. D.C.Code § 23–1322(h) provides:
    The case of the person detained pursuant to subsection (b) of this section shall be placed on an expedited calendar and, consistent with the

sound administration of justice, the person shall be indicted before the expiration of 90 days, and shall have trial of the case commence before the expiration of 100 days. However, the person may be detained for an additional period not to exceed 20 days from the date of the expiration of the 100–day period on the basis of a petition submitted by the attorney for the government and approved by the judicial officer. The additional period of detention may be granted only on the basis of good cause shown and shall be granted only for the additional time required to prepare for the expedited trial of the person. For the purposes of determining the maximum period of detention under this section, the period shall not exceed 120 days. The period shall: (1) Begin on the date defendant is first detained after arrest; and (2) Include the days detained pending a detention hearing and the days in confinement on temporary detention under subsection (a) of this section whether or not continuous with full pretrial detention. The defendant shall be treated in accordance with § 23–1321(a) unless the trial is in progress, has been delayed by the timely filing of motions excluding motions for continuance, or has been delayed at the request of the defendant.

## II.

The government argues that the trial court has "traditional inherent authority" to determine the propriety of pretrial detention, and thus has authority to extend appellant's pretrial detention for 20 extra days without a motion for extension by the government. The government relies on *Carbo v. United States*, 82 S.Ct. 662, 668, 7 L.Ed.2d 769, 773 (1962) (Justice Douglas, in chambers), and *United States v. Gilbert*, 138 U.S.App.D.C. 59, 60, 425 F.2d 490, 491 (1969), for the proposition that the trial court has inherent authority to revoke bail and to ensure orderly trial processes. The government also asserts that this court recognized in *Blunt v. United States*, 322 A.2d 579, 584 (D.C.1974), that the Bail Reform Act codified traditional judicial discretion in regard to bail, and that *Hazel v. United States*, 483 A.2d 1157 (D.C. 1984),[8] does not alter that proposition.

## III.

■ We reject the government's "inherent authority" argument. "In our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755, 107 S.Ct. 2095, 2105–06, 95 L.Ed.2d 697 (1987). In *Hazel* we held that the trial court's "inherent authority" under *Carbo* and *Gilbert* no longer existed in light of the enactment of D.C.Code § 23–1322, which we described as the "exclusive source of the court's power to order pretrial detention." *Hazel, supra*, 483 A.2d at 1159. The statute imposes limitations on the trial court's exercise of its power to order pretrial detention, one of which is a specific time limit within which the trial of the detained person must be commenced. We must also reject the government's reliance on *Blunt*, as that decision is premised on the inherent authority standard in *Carbo* and *Gilbert*, which we

held in *Hazel* to have been superseded by statute.

■ Unless one of the exceptions have been met, upon expiration of the statutory 100-day period, or of the additional time extended up to a total of 120 days, the defendant must be treated in accordance with the release provisions of D.C.Code § 23–1321. We agree with Best that once the 100 days expired, absent a request by the government to extend his detention, the trial court was required to reconsider his bond status "in accordance with [D.C.Code] § 23–1321(a) unless the trial is in progress, has been delayed by the timely filing of motions excluding motions for continuance, or has been delayed at the request of the defendant." D.C.Code § 23–1322(h)(2). None of those exceptions applied in this case.

It is of paramount significance in this case that the government had announced it was ready for trial, never filed a motion for continuance, and never requested that Best's detention be extended due to a need for additional time to prepare for trial. In this court, however, the government contends that, even if we conclude that a government application is necessary for a 20–day extension under D.C.Code § 23–1322(h), we should recognize that the government's position at trial and in this appeal "effectively represents such a request" despite the fact that no formal written request was filed. Further, the government contends that there was good cause to extend appellant's pretrial detention as the "lack of an available trial court required 'additional time … to prepare for the expedited trial.'" Because the government filed no formal application for an extension for good cause shown, we must reject the government's contention that its position at trial represented a request for extension of appellant's pretrial detention under D.C.Code § 23–1322(h). The record before us does not support that contention, and the

8. In *Hazel,* the trial court granted the government's request for an extension of a pretrial detention order. Prior to the expiration of the extended period, a superseding indictment issued containing new and additional charges against Hazel. Hazel demanded either to be tried on the original indictment or that his detention without bond be terminated. The trial court ordered that

Hazel's detention continue pending trial on the new indictment. The judge claimed inherent authority to extend a pretrial detention order under these circumstances. Hazel appealed, and this court reversed the detention order, directing the trial court to impose conditions of release pursuant to D.C.Code § 23–1321 (1981).

trial court lacked authority to continue appellant's pretrial detention beyond 100 days given the circumstances of this case.

We therefore reaffirm our holding in *Hazel*, and hold that the trial court has no authority to detain a defendant before trial without setting conditions of release except as provided by statute. When the pretrial detention period authorized by D.C.Code § 23–1322(h) expires and the defendant's trial has not begun, and if none of the other exceptions apply, the defendant has a right to have conditions of release set like any other defendant awaiting trial. *Hazel, supra*, 483 A.2d at 1159.

*Reversed and remanded.*

