**In re S.J., Appellant.**

No. 96–FS–640.

District of Columbia Court of Appeals.

Decided May 24, 1996.

Filed * Dec. 30, 1996.

James W. Klein and Kenneth Page, Public Defender Service, were on the motion for summary reversal, for appellant.

Charles F.C. Ruff, Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and Paul Alper and Mary Phillips, Assistant Corporation Counsel, entered appearances, for appellee.

Before TERRY, SCHWELB, and KING, Associate Judges.

PER CURIAM:

Appellant S.J. appeals [1] from an order of the trial court detaining him prior to his trial on a delinquency charge, after finding that he violated the conditions of his pretrial release, but without a finding of probable cause to believe that the allegations in the pending petition are true. We reverse.

I.

Appellant, a juvenile, had an initial hearing on April 29, 1996, on a petition filed by the Corporation Counsel for the District of Columbia ("District"), charging him with a single count of possession with the intent to distribute cocaine. *See* D.C.Code § 33–541(a) (1993 Repl.). The hearing commissioner ordered appellant released on home detention pending trial with the conditions that he: (1) abide by a curfew; (2) report to the Pretrial Services Agency for weekly drug testing; and (3) refrain from illegal drug use. *See* D.C.Code § 16–2311 (1989 Repl.). A status hearing was scheduled for Thursday, May 23.

At the May 23 status hearing, counsel for the District alleged that appellant had violated the terms of his home detention. Specifically, counsel reported that appellant had violated curfew, had been absent from school, and had failed to appear for weekly drug testing. Although defense counsel offered an

---

\* Appellant's Motion for Summary Reversal was granted by order on May 24, 1996. The purpose of this opinion is to set forth the reasons for the court's actions with respect to that motion.

1. Interlocutory appeals of orders of detention in juvenile cases are governed by D.C.Code § 16–2328(a) (1989 Repl.).

explanation for appellant's conduct, the trial court found that appellant was in violation of his release conditions and ordered him detained immediately until a probable cause hearing could be held on Tuesday, May 28.

Appellant's attorney objected to appellant's detention without a probable cause determination, arguing that the detention violated court rules applicable to juvenile delinquency proceedings and the Fourth Amendment to the Constitution. The trial court initially rejected that argument but agreed later that day to schedule a hearing for the next morning, a Friday, to permit counsel to present argument on the legality of the detention in light of Super. Ct. Juv. R. 107.

At the Friday, May 24 hearing, counsel for S.J. contended that Rule 107(c) explicitly requires a determination of probable cause prior to a juvenile being detained. The trial court suggested the issue could be avoided by having a probable cause hearing that day, and both attorneys agreed. Counsel for the District then attempted to locate a police officer to testify at the probable cause hearing.

When the parties appeared in court later that afternoon, the court heard from the District regarding the efforts undertaken to secure the police officer's attendance.[2] The trial court found that, although unsuccessful, the District had made "monumental efforts" to obtain a witness for the probable cause hearing. The court then reiterated its findings of May 23: that appellant had violated curfew, had failed to attend weekly drug testing, and had been absent from school. Based on these findings the court concluded that appellant was in need of increased supervision or detention. The trial court also ruled that Rule 107(c) did not bar detention without a finding of probable cause,[3] and ordered appellant detained until a probable

cause hearing could be held on May 28, the following Tuesday.[4]

Appellant noted his appeal and filed an emergency motion for summary reversal of the juvenile detention order,[5] which we granted the same day.

## II.

The trial court's power to detain a juvenile alleged to be delinquent is limited by statute, court rule, and the Constitution. D.C.Code § 16–2312(e) (1989 Repl.) provides:

> When a judge finds that a child's detention or shelter care is required under the criteria of section 16–2310, he shall then hear evidence presented by the Corporation Counsel to determine whether there is probable cause to believe the allegations in the petition are true.

■ The applicable court rule implements this statutory command. It provides in pertinent part:

> A respondent who has been ... released under conditions pursuant to D.C.Code § 16–2312, or the Corporation Counsel, may, at any time thereafter upon written application to the Family Division, have the order reviewed by the judicial officer who entered the order, and a decision rendered within five days of presentation to the judicial officer who ... may impose additional conditions of release, or may order that the respondent be detained; provided, however, that *the respondent shall not be detained unless* (1) detention is required to protect the person or property of others or of the respondent or to secure the respondent's presence at the next court hearing as set forth in SCR–Juvenile 106; and (2) *the judicial officer determines that there is probable cause to believe that the allegations in the petition are true.*

2. Counsel for the District reported that the police officer was not on duty, that his home phone number was unavailable and that he had not responded to a page. Counsel also reported that efforts to contact eight other officers who might have been able to provide the necessary testimony had been unsuccessful.

3. The trial judge concluded that Rule 107 applied to new referrals to the court and that a subsequent review of violations of the conditions of release did not require an immediate probable

cause determination as long as the hearing was held "within a reasonable time."

4. The intervening Monday, May 27, was observed as the Memorial Day holiday.

5. Appellant sought a reversal of the detention order only because there was no finding of probable cause. He did not challenge the court's finding that he violated release conditions.

Super. Ct. Juv. R. 107(c) (1996 Repl.) (emphasis added).

The language of the Rule 107(c) could not be plainer. After an initial hearing, if a change in release conditions may result in detention, the "respondent shall not be detained" without a finding that "there is probable cause to believe that the allegations in the petition are true...." Because no such finding was made here, the trial court erred in detaining respondent. *See Best v. United States,* 651 A.2d 790, 792 (D.C.1994) (trial court's authority to detain limited to what is permitted by governing statute).

■ The trial court was of the view that, because the District had made appropriate efforts to obtain a witness to testify at a detention hearing, appellant could lawfully be detained for a reasonable time until the witness could be produced. Here, the detention permitted by the trial court extended from a Thursday to the following Tuesday. Although we express no view whether the court would be authorized to order the detention of a juvenile for a shorter period,[6] or whether some substitute for a probable cause evidentiary hearing such as an affidavit, *see Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), would suffice,[7] we hold that the trial court was without authority to order the detention of appellant for the period of time ordered here without a finding that there was "probable cause to believe that the allegations in the petition are true."

For the reasons stated, the order of detention was invalid.

*Reversed.*

---

**6.** A juvenile who is taken into custody must be given a detention hearing "not later than the next day (excluding Sundays) after [being] taken into custody...." D.C.Code § 16–2312(a)(1) (1989 Repl.). *See also* Super. Ct. Juv. R. 107(d) (review of hearing commissioner's order of detention shall be made within 24 hours, excluding Saturdays, Sundays, and legal holidays); *County of Riverside v. McLaughlin,* 500 U.S. 44, 55–56, 111 S.Ct. 1661, 1669–70, 114 L.Ed.2d 49 (1991) (judicial probable cause determination to permit detention should occur as soon as "reasonably"

possible, ordinarily no more than 48 hours after detention occurs).

**7.** In criminal proceedings against adults, for example, at the initial appearance, a sworn statement of facts, usually the reverse side of the Metropolitan Police Department Form PD–163, is accepted as sufficient to allow detention pending an evidentiary hearing or the return of an indictment. Super. Ct.Crim. R. 5(c) (1986 Repl.); *see also* CRIM. PRAC. INST., 1996 TRIAL MANUAL, Vol. I, Ch. 1.7, 1.8.